## SEAN FABRE *vs.* AMALIA WALTON.

Suffolk. January 5, 2004. - February 9, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Practice, Civil,* Appeal, Attorney's fees, Costs. *Supreme Judicial Court,* Appeal from order of single justice.

This court announced a revision to the procedure for awarding attorney's fees and costs, whereby the Justices who heard an appeal, rather than a single justice, would determine whether, and in what amount, such awards were to be made, according to the following process: a prevailing party must have filed with the clerk of the court for the Commonwealth his or her submission detailing and supporting the attorney's fees and costs sought, the opposing party must have been afforded a reasonable opportunity to respond, and the court would then enter an appropriate order and act on any aggrieved party's request for reconsideration of the order. [10-11]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 29, 2002.

The case was heard by *Cordy,* J.

*John P. Fulginiti (Ann Wagner* with him) for the defendant.

*Bruce T. Macdonald* for the plaintiff.

GREANEY, J. Sean Fabre appeals from an order of a single justice of this court requiring Fabre to pay Amalia Walton $56,510 in appellate attorney's fees and costs. The single justice's order followed the full court's determination that Walton was entitled to fees and costs pursuant to G. L. c. 231, § 59H (anti-SLAPP statute). See *Fabre* v. *Walton,* 436 Mass. 517, 525 (2002) (stating that "Walton may apply to the single justice for an award of attorney's fees and costs in connection with the appeal").

On appeal, Fabre does not challenge the amount of the appellate attorney's fees and costs the single justice required him to pay. Rather, he challenges Walton's entitlement to such fees and costs. That issue, however, already was determined by the full court when it denied Fabre's petition for rehearing, which raised

(for the first time) the same issues he presses here. *Edgar* v. *Edgar*, 406 Mass. 628, 630 (1990) (where liability for appellate attorney's fees was established in original appeal, court need not reexamine issue in appeal from single justice's award of fees).

Walton requests that we award her additional attorney's fees and costs related to this appeal. We allow her request. Because this appeal is an extension of the original appeal, an award of appellate attorney's fees and costs is appropriate here as well.

In cases where a party seeks an award of appellate fees, he or she must make that request in the brief. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989). We take this opportunity to announce a new procedure on the award of appellate attorney's fees and costs. The practice in this court until now has been for the court to refer the application for fees and any supporting legal arguments and documentation to a single justice (usually the author of the court's opinion) to determine the amount of the award, where appropriate. See *id.* This practice has often (as is the case here) led to another appeal — from the decision of the single justice to the full court — either disputing the amount of the award by the single justice or (in some instances, but again the case here) to reargue the question of entitlement to an award, even though the court has previously directed that, on application, an award be made. See, e.g., *Stowe* v. *Bologna*, 417 Mass. 199, 200 (1994); *Edgar* v. *Edgar*, *supra.* It is this portion of the process that we revise today.

In fee requests filed after the date of this opinion, the determination as to whether, and in what amount, appellate attorney's fees are to be awarded will no longer be a matter left solely to a single justice in the first instance. Henceforth, the Justices who heard and decided the appeal will consider the supporting legal arguments and documentation and set the specific amount to be awarded. Thus, a party who prevails on appeal before this court is directed to file with the clerk of the court for the Commonwealth his or her submission detailing and supporting the attorney's fees and costs sought; the opposing party will be afforded a reasonable opportunity to respond to that submission; and the court will then enter an appropriate

order.[1] Any party aggrieved by the order may request reconsideration, and the court will act on that request as well.

Walton shall have the benefit of this new practice on her request for appellate attorney's fees and costs with respect to this appeal. She may file her application for fees and costs, with any appropriate supporting materials, with the clerk of the court for the Commonwealth within fourteen days of the date of the rescript.

*Judgment affirmed.*

---

[1]In many cases a hearing will be unnecessary. The court will base the order on the parties' respective written submissions. If a hearing is needed for any reason, the court may refer the matter to a single justice in order to conduct the hearing and make an appropriate recommendation to the quorum; the quorum, not the single justice, will be responsible for disposing of the request with an order setting a specific amount.