WAYNE G. HASER & another[1] *vs.* ROGER WRIGHT & another.[2] No. 04-P-861. December 30, 2005. *Consumer Protection Act,* Attorney's fees. *Practice, Civil,* Appeal, Attorney's fees.

On July 26, 2005, we issued our unpublished memorandum and order under rule 1:28, affirming the judgment of the Superior Court in the plaintiffs' favor under G. L. c. 93A. The defendants' subsequent petition for rehearing was denied, as was their petition to the Supreme Judicial Court for further appellate review. The rescript issued to the trial court on September 29, 2005, and the case thereupon was closed on our docket.

On October 7, 2005, the plaintiffs filed a motion for an award of appellate attorney's fees, citing *Bonofiglio* v. *Commercial Union Ins. Co.*, 412 Mass. 612 (1992). The defendants filed an opposition to the plaintiffs' motion, citing the plaintiffs' failure to have made the request in their brief and *Fabre* v. *Walton*, 441 Mass. 9, 10 (2004) ("In cases where a party seeks an award of appellate fees, he or she must make that request in the brief"). We agree with the defendants that the plaintiffs' failure to include a request for attorney's fees in their brief bars the request.

The rules of appellate procedure make clear that a party wishing to bring a claim before the court must address it in the brief. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief"). To that admonition, *Fabre* v.

---

[1]Christine A. Frederick.

[2]Arrow Mortgage Corporation.

*Walton, supra,* adds additional guidance on the specific topic of a request for attorney's fees, and the procedures attendant thereto.[3]

Strict enforcement of the requirement under *Fabre* v. *Walton, supra,* that a request for appellate attorney's fees be made in the brief of the requesting party serves the salutary purpose of placing before the panel all issues concerning the case while the case remains active. It also avoids the uncertainty that would otherwise attend the question (on which our rules otherwise furnish no guidance) of how quickly following issuance of our opinion a request for fees must be raised in order to be timely.

The plaintiffs' motion is denied.

*So ordered.*

*Richard M. Russell* for the defendants.
*Jeffrey D. Woolf* for the plaintiffs.


---

[3]Though we may, in the exercise of our discretion, elect to award fees where they are not requested in the brief, see, e.g., *Rubenstein* v. *Royal Ins. Co. of America,* 429 Mass. 355, 361 (1999); *Love* v. *Pratt,* 64 Mass. App. Ct. 454, 458-459 (2005), we decline to do so in the present case.

