CITY OF LOWELL *vs*. MASSACHUSETTS COMMISSION AGAINST
DISCRIMINATION & another.[1]

No. 03-P-755.

Middlesex. April 7, 2004. - January 9, 2006.

Present: BECK, DUFFLY, & MILLS, JJ.

*Practice, Civil,* Appeal, Attorney's fees. *Damages,* Attorney's fees. *Anti-Discrimination Law,* Attorney's fees.

This court exercised its discretion to award appellate fees to a teacher who prevailed in her sex discrimination case against her employer school department despite her failure to request such fees, to which she would have been entitled, in her brief. [357-358]

CIVIL ACTION commenced in the Superior Court Department on August 15, 2001.

Following review by this court, 61 Mass. App. Ct. 1120 (2004), a motion for attorney's fees was heard by *Jeffrey A. Locke,* J.

*Christine P. O'Connor* for city of Lowell.

*David M. Osborne* for Patricia Kealy.

*Beverly I. Ward* for Massachusetts Commission Against Discrimination.

MILLS, J. On her claim of sex discrimination against the city of Lowell's school department (city), Patricia Kealy prevailed before a hearing officer of the Massachusetts Commission Against Discrimination (MCAD), before the full commission, and in the Superior Court.[2]

On August 10, 2004, we issued our unpublished memorandum and order under rule 1:28, *Lowell* v. *Massachusetts Commn.*

---

[1] Patricia Kealy.

[2] The complaint to MCAD was filed in 1995; the hearing officer found for Kealy in 1999; the full commission affirmed the award in 2001; and the Superior Court judge affirmed the award in October, 2002.

*Against Discrimination*, 61 Mass. App. Ct. 1120 (2004), vacating that portion of the judgment as awarded damages for emotional distress and remanding the matter for further proceedings, essentially for reconsideration of the award in the light of factors recently enumerated in *Stonehill College* v. *Massachusetts Commn. Against Discrimination*, 441 Mass. 549, 576, cert. denied sub nom. *Wilfert Bros. Realty Co.* v. *Massachusetts Commn. Against Discrimination*, 543 U.S. 979 (2004). We left it to the Superior Court judge to determine whether further remand to the MCAD was necessary and appropriate on this question. In all other respects, we affirmed the judgment.

After further proceedings in the Superior Court, and upon remand to the MCAD, Kealy again prevailed and sought an attorney's fees award in the Superior Court, including a request for appellate fees. The Superior Court judge denied so much of the motion as requested appellate fees on the ground that he was not authorized to award such fees. On September 23, 2005, Kealy petitioned this court for leave to submit an appellate fee petition or, alternatively, for an order authorizing the Superior Court to determine and award appellate fees. She acknowledged in her petition that she had failed to request appellate fees in her brief. The city filed its opposition on October 3, 2005. We then invited the parties to submit memoranda directed to the single issue whether this court has authority to award appellate attorney's fees that were not requested in Kealy's appellate brief.

The statute under which Kealy brought her claim, G. L. c. 151B, provides that "[i]f the court finds for the petitioner, it shall in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust." G. L. c. 151B, § 9, inserted by St. 1946, c. 368, § 4. Entitlement to an award of attorney's fees is, thus, inherent in a claim brought under this statute and extends to appellate fees. See *Rubenstein* v. *Royal Ins. Co. of America*, 429 Mass. 355, 361 (1999) ("[W]e think inherent in a claim of this type is an entitlement to appellate attorney's fees"). See also *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 19 (1989) ("The

statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal"); *Twin Fires Inv., LLC* v. *Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 432 (2005) ("Where a statute provides for the payment of reasonable attorney's fees, an award of attorney's fees on appeal is within the discretion of an appellate court").

The controlling authority at the time Kealy filed her appellate brief with this court admonished parties to make requests for appellate fees in their briefs. See *Yorke Mgmt.* v. *Castro, supra* at 20 ("A party who seeks an award of appellate attorney's fees *should* request them in his brief" [emphasis supplied]). See also *Rubenstein* v. *Royal Ins. Co. of America*, 429 Mass. at 361 (noting that fee request in brief is "preferred practice"). Subsequently, in *Fabre* v. *Walton*, 441 Mass. 9 (2004), published five months after Kealy filed her brief, the procedure for requesting fees became more directive: "where a party seeks an award of appellate fees, he or she *must* make that request in the brief" (emphasis supplied). *Id.* at 10. We view *Fabre* to mean that a party who fails to make a request for fees in her brief waives entitlement, as a matter of right, to those fees.[3] See *Haser* v. *Wright, post* 903 (2005).

However, even where a party has waived her entitlement to appellate fees, this court nonetheless retains the authority to award those fees as a matter of discretion. See *Haser* v. *Wright, supra* at 904 n.3. The procedure announced in *Fabre* is just that, a procedure, and its requirements may be excused or modified in the discretion of the court, if the circumstances so warrant.

In this case, we exercise our authority to award appellate fees. We invite Kealy to submit within ten days documentation supporting her fee request, and we allow the city ten days for its response, all in accordance with *Fabre*.

*So ordered.*

---

[3]As noted, *Fabre* was decided after Kealy filed her brief to this court, and the new procedure announced in *Fabre* was explicitly prospective. See *Fabre* v. *Walton, supra* (describing rule for "fee requests filed after the date of this opinion"). Thus, the *Fabre* procedure is not applicable to this case.