## BEAL BANK, SSB *vs.* RICHARD R. EURICH.

Middlesex. May 3, 2005. - December 15, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Civil,* Appeal, Attorney's fees.

This court denied an application by a successful plaintiff in a civil action for appellate attorney's fees and expenses, filed nearly one year after this court's decision, where the plaintiff failed to point to anything that excused its failure to request appellate attorney's fees and expenses in its appellate brief or justified the plaintiff's delay in making the request. [11-14]

CIVIL ACTION commenced in the Superior Court Department on February 20, 1998.

Following review reported in 444 Mass. 813 (2005), an application for appellate attorney's fees, costs, and expenses was filed in this court on July 27, 2006.

The case was submitted on briefs.

*Christopher P. Litterio & Michael J. Duffy* for the plaintiff.

*Mark W. Corner* for the defendant.

IRELAND, J. On August 3, 2005, we issued an opinion in this case affirming a Superior Court judgment for Beal Bank, SSB (bank), in its action against Richard R. Eurich to recover a deficiency on a promissory note following a mortgage foreclosure. *Beal Bank, SSB* v. *Eurich*, 444 Mass. 813 (2005). Our rescript issued to the Superior Court on August 31, 2005, in accordance with Mass. R. A. P. 23, as appearing in 367 Mass. 921 (1975), and a judgment after rescript was entered in that court on September 15, 2005, in accordance with Mass. R. A. P. 28, as amended, 378 Mass. 925 (1979). On July 27, 2006, almost one year after we decided the case, the bank filed an application in this court for an award of appellate attorney's fees, costs, and expenses in the amount of $67,353.30. That was the first time the bank raised the matter of appellate fees, costs, and

expenses in this court. The bank claims that it is entitled to collect its appellate fees and expenses under the terms of the promissory note. We deny the bank's request for appellate fees and expenses.[1]

*Background.* After a jury-waived trial in the Superior Court in 1999, a judgment entered in favor of the bank for the amount of the deficiency on the note, together with interest, costs, and attorney's fees. Eurich appealed to the Appeals Court, raising three issues. He challenged the bank's status as a holder or assignee of the note, the method by which the bank conducted the mortgage foreclosure, and the admissibility of certain computer printouts of the company that serviced the loan for the bank. In its brief to the Appeals Court, the bank requested that the judgment be affirmed and that it be awarded its appellate attorney's fees and costs. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989) (describing procedure then in effect for seeking appellate attorney's fees; indicating that "[a] party who seeks an award of appellate attorney's fees should request them in his brief"). The Appeals Court reversed the judgment in an unpublished memorandum and order. *Beal Bank, SSB* v. *Eurich*, 62 Mass. App. Ct. 1101 (2004). The court held that the bank was a proper party to the action on the note. It also rejected Eurich's claim that the foreclosure had not been conducted properly. The court held, however, that the computer printouts of the bank's loan servicing company should not have been admitted at trial as business records of the bank. Having reversed the judgment in the bank's favor, the court did not address the bank's request for fees and costs.

This court then granted the bank's application for further appellate review. Our order granting the application indicated that the scope of the review would be limited to the issue of the admissibility of the computer printouts. *Beal Bank, SSB* v. *Eurich*, 443 Mass. 1101 (2004). Both sides thereafter sought and obtained leave to file new briefs in this court, as set forth in

---

[1]Appellate court costs are taxed in the lower court pursuant to Mass. R. A. P. 26, as amended, 378 Mass. 925 (1979), and therefore are not addressed in this opinion.

Mass. R. A. P. 27.1 (f), as appearing in 441 Mass. 1601 (2004).[2] In its new brief filed in this court, the bank, represented by appellate counsel different from the counsel who had represented it in the Appeals Court, did not include any request for appellate attorney's fees and expenses. We held that the computer printouts had been properly admitted in evidence as business records and, accordingly, affirmed the Superior Court judgment. As stated above, it was not until almost one year after we decided the case, and long after our rescript had issued and a judgment after rescript had been entered in the trial court, that the bank first raised the matter of fees and expenses before this court.

*Discussion.* In *Fabre* v. *Walton*, 441 Mass. 9 (2004), which was decided well before this case reached this court, we revised the procedure for awarding appellate attorney's fees and costs. We stated, among other things, that "[i]n cases where a party seeks an award of appellate fees, he or she *must* make that request in the brief" (emphasis added). *Id.* at 10. That language was intended to remove any uncertainty from the earlier procedure concerning the timing of the initial request. Our decisions up to that point had stated that the request "should" be made in the brief and that it was a "preferred practice" to do so. See, e.g., *Rubenstein* v. *Royal Ins. Co.*, 429 Mass. 355, 361 (1999); *Yorke Mgt.* v. *Castro*, *supra*. In *Fabre* v. *Walton*, *supra*, in contrast, we stated the proposition in mandatory terms. Affirmatively setting out the request in the brief serves the dual purposes of, first, notifying the opposing party that the requesting party is seeking fees and giving the opposing party an opportunity to respond, and second, notifying the court and giving it the opportunity to address the request at the time it decides the case. See *Society of Jesus of New England* v. *Boston Landmarks Comm'n*, 411 Mass. 754, 755-756, 757-758 (1992); *Haser* v. *Wright*, 65 Mass. App. Ct. 903, 903-904 (2005).

[2]The rule permits parties in cases where further appellate review has been granted to seek leave to file new briefs, i.e., briefs to replace the briefs that they filed in the Appeals Court. Nothing in the rule requires parties to file new briefs. The rule states in relevant part: "If a new brief is filed, it will be considered in lieu of the Appeals Court brief. If permission to file a new brief is denied or not sought, cases in which further appellate review has been granted shall be argued on the briefs filed in the Appeals Court." Mass. R. A. P. 27.1 (f), as appearing in 441 Mass. 1601 (2004).

Nothing in our limitation of the scope of further review precluded the bank from making a request for attorney's fees and expenses in its brief to this court, in the event it should prevail here (as it ultimately did). The proper course would have been for the bank to state its request in the brief that it filed here. This would have informed us that the bank was seeking its appellate fees and expenses, and would have allowed us to deal with that request when we decided the appeal. The failure to include its request in its brief to this court, which we considered in lieu of the brief previously filed in the Appeals Court, see Mass. R. A. P. 27.1 (f), left us unaware that appellate fees and expenses were at issue, and thus we did not address them in our opinion.

The bank maintains that in *Fabre* v. *Walton, supra,* we merely stated in "more directive language than was used previously" the requirement that appellate fees and expenses be requested in the brief, without actually making such a request mandatory. That is incorrect. After *Fabre* v. *Walton, supra,* it should be clear to litigants that it is imperative to state the request for appellate fees and expenses in the appellate brief. Failure to do so constitutes a waiver of one's entitlement to have the court consider the issue of appellate fees and expenses. See *Lowell* v. *Massachusetts Comm'n Against Discrimination,* 65 Mass. App. Ct. 356, 358 (2006); *Haser* v. *Wright, supra* at 903-904. While an appellate court retains the authority to consider a waived request as a matter of discretion — see *Lowell* v. *Massachusetts Comm'n Against Discrimination, supra*; *Haser* v. *Wright, supra* at 904 n.3 — it should exercise its discretion sparingly.

We are not persuaded that we should exercise our discretion in these circumstances to excuse the bank from its failure to make its request in its brief. A critical fact in our view is that the bank took almost an entire year to inform the court of its request after we decided the appeal. The bank offers as justification for this delay that it was engaged in postappeal settlement negotiations with Eurich and did not want to involve the court in a request for fees and expenses if it could settle the matter privately. The negotiations ultimately broke down. Adopting the bank's approach would mean that a party seeking appellate attorney's fees and expenses would have an indefinite period

after the case is decided to request that the case be reopened for the purpose of making an award. At the very least, having failed to raise the point in its brief, the bank could have filed its request for fees and expenses promptly after it prevailed in this court, and asked that action on the request be stayed while the settlement negotiations proceeded, thereby putting the court on notice of the request before we issued the rescript. Instead, as things have unfolded, we are being asked now, for the first time, to deal with a fee request filed nearly one year after we decided and closed this case. See *Haser* v. *Wright, supra* at 903, 904 (declining to award fees that were requested for first time one week after rescript was issued to trial court and case was closed on appellate docket; noting general proposition of appellate procedure that "a party wishing to bring a claim before the court must address it in the brief," and observing that "[s]trict enforcement of the requirement under *Fabre* v. *Walton, supra,* that a request for appellate attorney's fees be made in the brief . . . serves the salutary purpose of placing before the panel all issues concerning the case while it remains active").

Finally, we reject the bank's argument that the requirement outlined in *Fabre* v. *Walton, supra* — that the request for appellate fees be made in the brief — does not apply to requests for appellate fees and expenses based on a contract. The case relied on by the bank, *Carter* v. *Warren Five Cents Sav. Bank*, 409 Mass. 73, 79-80 (1991), does not support its argument. That case involved appellate review of an award of attorney's fees in the trial court. The question there was whether the judge erred by awarding less than the full amount of the attorney's fees requested, where the underlying contract, a severance agreement, contained a provision stating that the employer would pay any fees incurred by the former employee (as opposed to only his "reasonable attorney's fees") in enforcing his rights under the contract. That case did not discuss the timing or the procedure for requesting appellate fees and expenses, let alone suggest that the procedure is any different in cases where the fees are grounded in a contract. Although the court, in the final sentence of the opinion, did say that the former employee would be entitled to his appellate attorney's fees as well, our review of the briefs in that case reveals that the former employee, unlike

the bank here, had expressly indicated in his brief that he was seeking his appellate fees.[3]

Nor does the bank offer any sound policy reason why a request for appellate attorney's fees grounded in a contract need not be raised in the appellate brief. The requirement described in *Yorke Mgt.* v. *Castro, supra,* and modified in *Fabre* v. *Walton, supra,* that the request be made in the brief, applies equally well to appellate fees sought under a contract as it does to fees sought pursuant to a statute. In both situations, the opposing party and the court are informed by the requesting party's brief that appellate fees are at issue, and are in a position to respond to the request. While the substantive determination of what fees are recoverable in a given case may depend on the statutory or contractual language involved, there is no reason why the process for bringing the matter to the court's attention should vary. See *Yorke Mgt.* v. *Castro, supra* at 18-19 (noting that both statutory fee-shifting and contractual fee-shifting are established exceptions to American rule, before setting forth procedure for requesting appellate fees).

In sum, the bank points to nothing that excuses its failure to request appellate fees and expenses in its brief, that justifies its waiting nearly one year after the appellate decision to make the request, or that warrants changing the requirement merely because the fees were sought pursuant to a contract and not a statute.

*Conclusion.* For the reasons set forth above, the bank's request for appellate attorney's fees and expenses is denied.

*So ordered.*

---

[3]The court left to the judge in the trial court the task of determining the amount of appellate attorney's fees. *Carter* v. *Warren Five Cents Sav. Bank,* 409 Mass. 73, 80-81 (1991). Given the broad nature of the fee provision in that case, there was no need for the appellate court or a single justice to become involved to determine what constituted a "reasonable" appellate fee in the circumstances.