NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-308                                            Appeals Court

W. NANCY BRADY, executrix,[1] & another[2] vs.  CITIZENS UNION
SAVINGS BANK[3] & another.[4]


No. 16-P-308.

Bristol.     December 6, 2016. - March 9, 2017.

Present:  Green, Agnes, & Desmond, JJ.


Probate Court, Attorney's fees, Trust.  Trust, Attorney's fees.
    Executor and Administrator, Attorney's fees.  Practice,
    Civil, Attorney's fees.



    Complaint in equity filed in the Bristol Division of the
Probate and Family Court Department on July 13, 2011.

    Following review by this court, 88 Mass. App. Ct. 416
(2015), an award of attorney's fees, costs, and compensation for
professional services was entered by Virginia M. Ward, J.


    Carol L. Ricker for Dale Eggers.
    Edwin F. Landers, Jr., for W. Nancy Brady.

---

    [1] Of the estate of Thomas T. Brady.

    [2] Edwin J. Haznar, Jr., executor of the estate of Edwin J.
Haznar.

    [3] The complaint names the bank in its capacity as bailee of
the assets of the Wilson O. Smith Trust.

    [4] Dale Eggers.

Ben N. Dunlap for Edwin J. Haznar, Jr.

GREEN, J.  On remand following our decision in a previous appeal in this case, see Brady v. Citizens Union Sav. Bank, 88 Mass. App. Ct. 416 (2015) (Brady I), the Probate and Family Court judge entered a thorough and detailed written memorandum of decision, in which she reduced from $457,902.09 to $350,680.80[5] the amount the plaintiffs could recover as reimbursement for fees and costs their decedents incurred in defense of a lawsuit brought against them by the defendant Dale Eggers and her daughter.  Eggers has again appealed, contending that (1) the amount of fees is unreasonable in light of the nature and complexity of the underlying litigation; (2) the amount of fees represents an unreasonable proportion of the value of assets held by the Wilson O. Smith Trust (trust); and (3) the judge failed adequately to consider the availability of insurance proceeds as an alternative source of reimbursement. We affirm, addressing Eggers's arguments in turn.[6]

---

[5] The total consists of (1) $169,986.26 in legal fees incurred by Thomas T. Brady; (2) $161,230.94 in legal fees incurred by Edwin J. Haznar; (3) $5,400.00 in compensation for professional accounting services performed by Edwin J. Haznar; and (4) $14,063.60 in compensation for professional legal services performed by Thomas T. Brady.

[6] Eggers's separate contention that an award of attorney's fees to the plaintiffs violates the so-called "American Rule" ignores the language of the trust instrument explicitly authorizing reimbursement of the trustees for expenses incurred

1. Lodestar method.[7] In determining the amount of a reasonable fee, we consider "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). Determination of a reasonable fee is in the first instance largely committed to the sound discretion of the trial judge, who is in the best position to evaluate the nature of the case, the conduct of the litigation, the amount of time reasonably required to litigate it, and the fair value of the attorney's services. See Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). We review a trial judge's determination of a reasonable attorney's fee for abuse of discretion. WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005).

---

in performance of their duties as trustees, as well as the fact that this court's opinion in the previous appeal explicitly recognized the propriety of an award of attorney's fees, remanding only for reconsideration of the appropriate amount. See Brady I, 88 Mass. App. Ct. at 422 & n.11.

[7] The "lodestar" method refers to the calculation of a reasonable attorney's fee by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. See Stratos v. Department of Pub. Welfare, 387 Mass. 312, 322 (1982).

We discern no abuse of discretion in the present case. The judge's written memorandum reflects that she reviewed the hourly billing details carefully, and she excluded time she viewed as duplicative or unnecessary.[8] Though, as the judge acknowledged, the underlying litigation ultimately involved no dispute of material fact, the judge observed that the manner in which Eggers prosecuted her claims caused the litigation to span four and one-half years, during which she filed two amended complaints reflecting evolving claims. Ultimately, the summary judgment rested on a conclusion that the claims were barred by the statute of limitations, based on Eggers's knowledge in May, 2003, of the 1994 property transfer that formed the basis of her December, 2006, complaint against the plaintiffs' decedents. See Brady I, 88 Mass. App. Ct. at 417. Eggers's knowledge was demonstrated by a letter she withheld until February 3, 2010, more than three years after she filed her initial complaint. The judge also evaluated the hourly rates charged by the various attorneys involved, and we discern no abuse of discretion in her determination that the rates are reasonable.

---

[8] The judge excluded time spent, for example, by Haznar's attorney attending the deposition of Brady, and by Brady's attorney attending the deposition of Haznar. The judge also excluded time for which inadequate descriptions appeared on the billing statements, including instances where descriptions appear to have been redacted for reasons of attorney-client privilege.

2.  Size of the estate.  Eggers separately contends that, even if the hourly rate and time spent are considered reasonable under the lodestar method, the resulting fee award is excessive in relation to the size of the trust estate.  To be sure, "[a]n important factor in assessing the reasonableness of fees awarded in probate cases is the size of the estate."  Clymer v. Mayo, 393 Mass. 754, 772 (1985).  Accordingly, in assessing a request for an award of attorney's fees in such cases the judge is to "take into consideration . . . the amount in controversy, and . . . prevent the fund from being either entirely or in great part absorbed by counsel fees," and apply "strictly conservative principles."  Id. at 772-773, quoting from Frost v. Belmont, 6 Allen 152, 165 (1863), and Holyoke Natl. Bank v. Wilson, 350 Mass. 223, 230 (1966).  The rationale stems, at least in part, from a recognition that "[a]n excessive fee award may itself defeat the decedent's intent by depleting her estate," Clymer, supra at 773, and that such fees might be paid for the services of those "who may not have been employed by those whose estates are thus diminished."  Ibid., quoting from Holyoke Natl. Bank, supra.

The fee award in the present case approximates forty-five percent of the value of the trust assets, as of the time of the

fee request.[9]  While that is a substantial share, several factors combine to persuade us that the judge did not abuse her discretion in concluding that the fee award did not unduly dissipate the trust.  First, the fees were incurred in defense of litigation initiated by the trust beneficiaries against the trustees, rather than in ordinary administration of the trust.  Compare Keville v. McKeever, 42 Mass. App. Ct. 140, 156 (1997), with Clymer v. Mayo, supra.  In addition, we note that the trustees were either appointed by Wilson O. Smith, the trust settlor (as Brady was), or identified in the trust instrument as a successor trustee to Smith upon his death or disability (as Haznar was).  Accordingly, both trustees were employed by the trust settlor for their services as trustees.  Contrast Clymer v. Mayo, supra.  Moreover, the trust instrument itself expressly authorized payment of professional fees in carrying out the trustees' duties.  Finally, if reimbursement for otherwise reasonable fees incurred in defense of litigation brought by trust beneficiaries against the trustees were capped at a set percentage of trust assets, trustees would be without effective protection against claims brought against them in circumstances

---

[9] The fee petition was filed on July 13, 2011.  The only evidence of the value of the trust appearing in the record discloses that it had a value of $778,645.84 as of February, 2011.  See Brady I, 88 Mass. App. Ct. at 418.  In her written memorandum of decision, the judge found that the award represented less than fifty percent of the trust assets, and her finding is not clearly erroneous.

in which trust assets are small in comparison to the costs of defense, and would accordingly (and reasonably) be reluctant to serve as trustees.  Particularly in circumstances such as those in the present case, where the claims were resolved in the trustees' favor on undisputed facts, we see no reason why a particular set percentage of trust assets should serve as an absolute cap on the amount of a reasonable fee incurred in defense of litigation.  Instead, as we observed in Brady I, a comparison of the amount of the fee award to the value of trust assets is but one factor to be weighed by the judge in evaluating the reasonableness of the fee.  See 88 Mass. App. Ct. at 419.

3.  Collateral sources.  In Brady I, we explained that the availability of collateral sources (such as insurance coverage) for recovery of fees incurred in defense of litigation is not a bar to recovery of such fees from the trust.  See 88 Mass. App. Ct. at 420-422.  Instead, "insurance coverage is yet another factor the judge should consider on remand in awarding fees and costs in her discretion as justice and equity may require."  Id. at 420 (quotation omitted).  In this appeal, Eggers contends that the judge abused her discretion in declining to reduce the fee award to any extent based on the availability of insurance as a collateral source of recovery.  In particular, Eggers cites as error the judge's explanation that permitting recovery of

fees from trust assets without regard to collateral sources would serve a salutary deterrent effect, analogous to the deterrent effect cited in support of the collateral source rule in tort cases. Again, we discern no abuse of discretion.

In her memorandum of decision, the judge expressed her view that the underlying litigation was "without merit or vexatious or both," and that "an offset of Eggers'[s] culpability by the plaintiff[s'] insurance proceeds would seem patently unfair and inequitable." As Eggers recognizes, the purpose of the collateral source rule is deterrence of tortious conduct. See Law v. Griffith, 457 Mass. 349, 355-356 (2010). Though Eggers protests that she prosecuted her claims against the trustees in good faith, the judge considered her prosecution of the litigation to be vexatious. In particular, as the judge observed, Eggers was aware early in the litigation that her claims were barred by the statute of limitations, yet did not disclose until quite far into the litigation the facts that barred her claim on that ground. In the circumstances, the judge was within her discretion to view Eggers as "culpable" for needlessly prolonging the litigation, thereby causing the trustees to incur significant unnecessary fees in defending it, and to decline to offset the fees paid from the trust by proceeds of insurance available to the trustees in order to

avoid an inequitable "windfall" to Eggers. See Northern Assocs. v. Kiley, 57 Mass. App. Ct. 874, 883 (2003).

4. Appellate attorney's fees. Haznar has requested, and is entitled to appellate attorney's fees and costs. He may submit a petition for fees and costs, together with supporting materials, within fourteen days of the date of the rescript of this decision. Eggers shall have fourteen days thereafter to respond. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).[10]

> Amended decree awarding fees
> and costs affirmed.

---

[10] Although Brady also prevailed in this appeal, she did not include a request for appellate attorney's fees and costs in her brief, and we therefore do not award them. See Beal Bank, SSB v. Eurich, 448 Mass. 9, 12 (2006).