The defendant, R.D. or father, appeals from a modification judgment of the Probate and Family Court that ordered him to pay current and retroactive child support to the plaintiff, S.W. or mother, for the parties' two youngest daughters. R.D. also was required to pay S.W.'s legal costs and fees incurred in connection with her complaint for modification. A subsequent motion by R.D. to vacate the modification judgment was denied. On appeal, R.D. challenges the sufficiency of the notice of the hearing at which the judgment entered. He also contends that the child support order and the award of attorney's fees were not warranted. We affirm.
Background. We summarize the relevant factual and procedural history from the record.[2] The parties, who are not married, have four children. On or about May 2, 2005, a judgment entered requiring the father to pay child support to the mother in the amount of $235 per week (support judgment). The parties subsequently reconciled prompting S.W. to file a complaint for modification seeking dismissal of the support judgment. Although the support judgment was dismissed on March 5, 2007, the father continued to pay child support until September, 2014, just before the youngest daughter's eighteenth birthday.
Soon thereafter, on January 15, 2015, the mother filed a complaint for modification seeking to reestablish R.D.'s obligation to support their two youngest daughters. R.D. was served with the summons and complaint on February 10, 2015, at his last and usual place of abode, and a pretrial conference was scheduled for September 15, 2015. When the father failed to appear, the pretrial conference was rescheduled for January 27, 2016. R.D. again failed to appear for the pretrial conference and, by order dated January 28, 2016, a pretrial conference was scheduled for June 9, 2016. In relevant part, the order provides as follows:
"2. Father [R.D.] shall attend the Pre-Trial Conference, prepared with a written memorandum and a complete and accurate, signed Financial Statement as instructed in the separate Notice and Order for same that was mailed to him by the Court. If Father fails to attend, his obligation for support, maintenance and education for [the two daughters] may be determined in his absence based upon his 2015 earned income as stated in the subpoenaed Boston University records obtained by Mother's attorney."
R.D. did not attend the hearing on June 9, 2016. The judge proceeded as provided in the pretrial notice and order and called the modification complaint for trial. The judge found that both daughters were full-time college students domiciled with the mother and principally dependent upon her for their support. The judge calculated S.W.'s gross weekly income at $975, the amount reflected on the mother's financial statement dated June 8, 2016. The judge imputed a gross weekly income of $1,322 to the father "based upon his 2015 earned income as stated in the subpoenaed Boston University records" from his employer. The judge then determined that R.D.'s child support obligation for the two daughters was $333 per week and ordered R.D. to pay current child support to the mother in that amount per week forthwith, and retroactively to the week ending February 13, 2015. As a result of the retroactive application of the order, the father owed the mother an additional $23,310. The judge also ordered R.D. to pay S.W.'s legal costs and fees in the amount of $3,500.
About three weeks later, on June 28, 2016, the father filed a motion to vacate the judgment, asserting, with no supporting affidavit, that he did not receive notice of the hearing that had been scheduled for June 9, and that the amount of income imputed to him was incorrect because the judge failed to consider (1) that he pays health insurance for the daughters, and (2) that he has child support obligations in connection with another child.
A hearing on R.D.'s motion to vacate the judgment was held on July 13, 2016. Among other arguments,[3] the father claimed that he was entitled to relief because he had not received notice of the modification proceedings. In support of this claim R.D. relied on a letter (which he apparently attached to his motion) that had been sent to him and then returned to the court.[4] He also pointed to several instances wherein his name had been misspelled on proofs of service. The judge rejected this argument on two grounds: first, R.D. had not complied with Standing Order 2-99;[5] and second, R.D. had failed to provide sufficient evidence of lack of notice. As the judge explained "[t]he attachment (letter) that was returned is from 2015. None of the several mailings to the same address thereafter have been returned, and it is the address now stated by recipient as accurate."
Discussion. We begin by addressing the mother's claim that the appeal is moot. It is not.[6] Although the parties appear to have settled the issues of arrearages and ongoing child support of the youngest daughter by entering into a stipulation which was incorporated into a judgment of modification, the questions regarding notice and whether the award of child support and attorney's fees was warranted remain unresolved. We therefore proceed to address the merits of the father's claims.
1. Notice. R.D. claims that he was denied due process of law because he did not receive notice of the pretrial conferences held on January 28 and June 9, 2016, or the subsequent trial held after he failed to appear on June 9, 2016. In support of his claim, R.D. points to a single letter that was returned to the court on March 30, 2015, as undeliverable, and to several minor misspellings of his name in various court documents. The judge concluded that R.D.'s evidence of lack of service was insufficient. We agree.
The judge correctly found that the return of one letter to the court approximately one year before the date of the pretrial conference at issue did not demonstrate that the father had not received sufficient notice of the proceedings. Moreover, R.D. never provided an affidavit or a sworn statement in support of his claim. Finally, the record supports a finding that the father received correspondence from the mother's attorney, dated February 2, 2016, to which the pretrial conference notices and the January 28, 2016, order were attached. In these circumstances, we think it is clear that the father is not entitled to relief on the basis that he did not receive proper notice of the proceedings.
2. Child support calculations. Next, the father argues that the judge abused her discretion in awarding child support because she did not consider his responsibility to provide for another child, his voluntary expenses, or the fact that he provides health insurance for the daughters. However, no evidence of these expenses was before the judge,[7] and the father never filed a signed financial statement as required by the January 28, 2016, pretrial order before judgment entered.[8] Absent a statement of his current income, the judge properly used R.D.'s 2015 earned income to calculate his child support obligations. We will not second-guess the judge's calculations where R.D. "failed to provide the judge with evidence from which she might have arrived at a different figure." M.C. v. T.K., 463 Mass. 226, 240 (2016).
3. Attorney's fees. R.D. claims error in the judge's award of attorney's fees to S.W. in the amount of $3,500. Such an award rests in the judge's sound discretion. See M.C. v. T.K., supra at 242. The judge's reasons for awarding attorney fees are supported by the record and, therefore, there was no abuse of discretion.[9] See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
4. Motion to vacate. R.D.'s argument with respect to the denial of his motion to vacate barely rises to the level of appellate argument, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, in light of R.D.'s failure to engage in the proceedings until after judgment had entered, despite being aware of them, the judge committed no abuse of discretion by denying the motion.
5. The mother's request for appellate attorney's fees and costs. We agree with S.W. that she is entitled to an award of appellate attorney's fees and costs. Thus, in accordance with Fabre v. Walton, 441 Mass. 9, 10-11 (2004), S.W. may submit an application for fees and costs with supporting documentation within fourteen days of the issuance of the rescript. R.D. shall have fourteen days after the application is filed to respond.
Judgment affirmed.
Order denying motion to vacate judgment affirmed.

Both R.D. and S.W. have filed a supplemental appendix without prior court approval as required by Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). The mother has filed a motion to expand the record on appeal to include the documents in her supplemental appendix; no such motion has been made by R.D.. See International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983) ("A pro se litigant is bound by the same rules of procedure as litigants with counsel"). The mother's motion is allowed, and we also consider R.D.'s supplemental appendix for the purpose of setting forth the facts.

R.D. told the judge that (1) he did not stop his child support payments because the youngest child turned eighteen but because S.W. moved and would not give him her address; (2) S.W. had lied on her financial statement about her income and payment of health insurance; and (3) both children were over the age of eighteen and the judge failed to take into account their earnings or income in fashioning an appropriate child support order.

R.D.'s motion indicates that the letter, which was apparently returned to the court as undeliverable, was submitted as an attachment to the motion. R.D.'s appendix contains a copy of the motion, but there is nothing attached to it.

Probate and Family Court Standing Order 2-99 applies to motions "for Relief from Judgment and Order (Rule 60)." R.D. did not comply, inter alia, with subparagraph (a)(1) of the Standing Order, which provides in pertinent part: "The moving party shall serve with the motion a copy of the order of judgment at issue and a concise statement of facts and law in support of why the motion should be granted. The statement shall be ... signed under the penalties of perjury."

We note that the proper way to raise mootness is by affidavit, Doe v. Superintendent of Schs. of Worcester, 421 Mass. 117, 123 (1995), which S.W. has not done.

While there is evidence in the reply brief appendix that R.D. contributed to the support of his child from another relationship, there is no evidence that these documents were before the judge. The judge found that the documents R.D. did provide to prove his obligation to support the other child were of questionable authenticity.

R.D. did file a statement on July 13, 2016, the same day of the hearing on his motion to vacate the modification judgment.

The pretrial notices and orders sent to and received by R.D. explicitly state that a failure to appear will result in the imposition of sanctions.