NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1041

IN THE MATTER OF THE ESTATE OF JOHN S. PALYS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant Linda Collier appeals from a decree and order for complete settlement dated July 5, 2023, regarding the estate of her cousin, John S. Palys. John Palys died on December 13, 2019, and the decree and order in question essentially decided two things -- (1) it admitted John Palys's will to formal probate, and (2) it determined John Palys's heirs at law.

The instant appeal of Linda Collier is without merit, because Linda Collier did not file the required affidavit of objections. The July 5, 2023 order at issue resulted from a petition by the estate's personal representative that sought a determination of testacy, a determination of heirs at law, and the allowance of the will of John Palys. The Probate and Family Court issued a citation with a return date of May 9, 2022. Linda Collier filed a timely appearance and objection to the petition, but she did not file an affidavit of objections within thirty days of May 9 (or at any time), as required by G. L.

c. 190B, § 1-401 (e). A Probate and Family Court judge accordingly struck her objection prior to entering the July 5, 2023 decree and order for complete settlement.

On appeal, Linda Collier does not argue that she filed an affidavit of objections, and similarly does not argue that the judge erred in striking her objection. As there was no error in striking Linda Collier's objection, she cannot provide a basis on which the July 5, 2023 order could be vacated or reversed.[1]

The personal representative requests appellate attorney's fees pursuant to Mass. R. App. P. 25, as appearing in 481 Mass. 1654 (2019), for having to respond to this appeal, which he argues is frivolous. An appeal is "frivolous . . . where there can be no reasonable expectation of a reversal under well-settled law." Dacey v. Burgess, 491 Mass. 311, 319 (2023). We agree that the appeal is frivolous but note that the personal representative included some unnecessary arguments in his brief. Accordingly, we caution counsel to exercise restraint in the amount requested. The estate shall file with this court and serve on the appellant a submission detailing and supporting the amount of its attorney's fees and costs incurred on appeal, in

---

[1] The appellant's brief addresses many other issues, many irrelevant to this appeal, but it does not address the threshold question of whether Linda Collier's objection was properly stricken. We accordingly need not reach any of the other issues referenced in the brief.

2

accordance with the procedure described in <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).[2]

<u>Decree and order for complete settlement entered July 5, 2023, affirmed</u>.

By the Court (Rubin, Englander & D'Angelo, JJ.[3]),

*[signature]*

Assistant Clerk

Entered:  April 26, 2024.

---

[2] The estate shall file their submission within fourteen days of the issuance of the rescript in this case.  The appellant will have fourteen days thereafter to file a response.

[3] The panelists are listed in order of seniority.