NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-227

PAULA CORDEIRO

vs.

RICHARD TOBIN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Cordeiro, the plaintiff, filed this action against the Tobins, the defendants, alleging breach of contract, unjust enrichment, quantum meruit, conversion, breach of the covenant of good faith and fair dealing, and promissory estoppel regarding an apartment built above the Tobins' garage that was paid for by Cordeiro.[2] After both parties collaborated on the apartment's construction from 2014 to 2021, the Tobins informed Cordeiro they did not wish to have her stay in the apartment, and sent Cordeiro a "no trespass" order in November 2021. After

_____

[1] Donna Tobin.

[2] Paula Cordeiro and Donna Tobin are sisters who were close at the time of the arrangement.

a jury-waived trial, a Superior Court judge ruled in Cordeiro's favor on the unjust enrichment and promissory estoppel claims and found for the defendants on all others.  The Tobins appeal only from so much of the judgment that entered on the promissory estoppel finding.  We affirm.[3]

Discussion.[4]  Promissory estoppel requires that a plaintiff show "(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission" (citation omitted).  Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 27-28 (2006).  See Restatement (Second) of Contracts, § 90(1) (1981) ("A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is

---

[3] Cordeiro's motion for submission on the briefs is allowed.

[4] The defendants state in their brief that the parties agreed to waive the right to detailed findings of fact and acknowledge that this waiver subjects their appeal to the same standard of review as is applied to a judgment following a jury verdict.  See K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023).  The judge did not make detailed findings, so we review to determine "whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotation and citation omitted).  Id.

2

binding if injustice can be avoided only by enforcement of the promise").  "An essential element under the promissory estoppel theory is that there be an unambiguous promise and that the party to whom the promise was made reasonably relied on the representation."  Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 848 (1995).  "Promissory estoppel is an equitable doctrine that [i]n the absence of a contract in fact, . . . implies a contract in law" (quotation and citation omitted).  Vacca v. Brigham & Women's Hosp., Inc., 98 Mass. App. Ct. 463, 472 (2020).

The Tobins assert that there was insufficient evidence to support promissory estoppel because (1) the parties did not reach an agreement on all the material terms necessary for a contract and (2) Cordeiro's reliance on the promise was unreasonable.  Both arguments are unavailing.

Although a claim for breach of contract requires an agreement on material terms to be enforceable, a claim for promissory estoppel only requires a promise intended to induce the other party's reliance.  Sullivan, 448 Mass. at 27-28.  Cf. Situation Mgt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000) ("[T]o create an enforceable contract, there must be agreement between the parties on the material terms of that contract").  The Tobins acknowledge that they and Cordeiro agreed that Cordeiro would pay for the construction of the

3

apartment for her use. See Sullivan, supra (promissory estoppel claim must show "(1) a representation intended to induce reliance"). The Tobins also acknowledge that they suggested Cordeiro build on their property after she failed to find an affordable property that she could purchase and stay at when she came to visit, that Richard Tobin assisted with the construction and facilitated payments as directed by Cordeiro, and that Cordeiro had the "final say" in the apartment's interior design. Where the Tobins actively participated in helping Cordeiro construct the apartment for Cordeiro's use, the promise that Cordeiro would be able to use the apartment was unambiguous. Cf. Rhode Island Hosp. Trust Nat'l Bank, 419 Mass. at 850 (promise could not support action in reliance where both parties contemplated written agreement before bank would provide loan). For the same reasons, the judge had ample evidence to support the finding that Cordeiro reasonably relied on that promise. See Sullivan, supra at 28 (claim for promissory estoppel must show "(2) an act or omission by that person in reasonable reliance on the representation"). Finally, Cordeiro relied to her detriment where, as both parties stipulated, she spent $243,942 on the construction. See id. (claim for promissory estoppel must show "(3) detriment as a consequence of the [claimant's] act or omission").

4

We therefore agree with the trial judge that justice requires that Cordeiro be allowed to recover in promissory estoppel.  Cordeiro's request for attorney's fees and costs incurred in connection with this appeal is allowed.  The plaintiff shall file a verified and itemized application for fees and costs within fourteen days of the date of this decision, and the defendants will have fourteen days thereafter in which to file any opposition to the amounts requested.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment affirmed.

By the Court (Vuono,
Desmond & Toone, JJ.[5]),

*Paul Little*

Clerk

Entered:  November 20, 2025.

---

[5] The panelists are listed in order of seniority.