NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-701

IN THE MATTER OF THE SUSAN H. PARKER 2000 TRUST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Alex J. Parker appeals from a decree and order by a judge of the Probate and Family Court removing him and his siblings, Michael D. Parker and Rebekah J. Parker, as trustees of the Susan H. Parker 2000 Trust (trust) and appointing their father, Jeffrey A. Parker, as successor trustee.[1]  We affirm.

Background.  In 2000, Susan H. Parker created the trust and thereafter transferred to it her one-fourth interest in a single-family home (the property) on Martha's Vineyard.  The remainder of the property was owned by Susan's siblings.  When the property was not being rented to generate income, its use was allocated among Susan's extended family members.

---

[1] Because the same surname is shared by family members, we refer to them by their first names to avoid confusion.  We note that the petition refers to Rebekah as Rebekah J. Thomson.

The trust document named Susan as trustee and Jeffrey, Susan's husband, as successor trustee. The trust further provided that, in the event that Jeffrey did not remain trustee, Susan and Jeffrey's children, Michael, Rebekah, and Alex (the children), shall become trustees. The trust named Susan as beneficiary and, after her death, named Jeffrey as beneficiary. The trust provided that, upon the death of Susan and Jeffrey, the children will be the beneficiaries of the trust.

Susan died in 2014. Following her death, Jeffrey became the trustee in accordance with the trust. In 2017, at the request of the children, Jeffrey resigned as trustee, and the children were appointed as cotrustees.

Beginning in about the summer of 2020, disputes arose among the children as trustees concerning which of them should be permitted to occupy the property. For about two years communication among the trustees continued to deteriorate.

On September 29, 2022, Jeffrey filed this petition for removal of the children as trustees and for reappointment of himself as trustee. Alex objected to being removed as trustee, and argued that if he were removed, Jeffrey should not be appointed trustee, but instead an independent trustee should be appointed.[2] After a trial at which witnesses including Jeffrey

_____

[2] Michael and Rebekah initially objected to their removal as trustees, but agreed that if they were removed, Jeffrey would be

2

and Alex testified, the judge granted the petition and issued a decree and order removing the children as trustees and reappointing Jeffrey as trustee.  Alex appeals from the decree and order.

Discussion.  1.  Removal of trustees.  Alex contends that the decision to remove him as a trustee was clearly erroneous because the evidence did not support removal pursuant to G. L. c. 203E, § 706 (b) (§ 706 [b]).

A judge may remove a trustee where, "because of unfitness, unwillingness or persistent failure of the trustee to administer the trust effectively, the [judge] determines that removal of the trustee best serves the interests of the beneficiaries." § 706 (b) (3).  See Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 82 (2017).  In reviewing the ruling of a Probate and Family Court judge to remove a trustee, "[w]e will not disturb the findings of the trial judge . . . unless they are clearly erroneous."  The Woodward School for Girls, Inc. v. Quincy, 469 Mass. 151, 159 (2014).  "[D]ue regard shall be given to the opportunity of the [t]rial [c]ourt to judge the credibility of the witnesses."  Rule 52(a) of the Supplemental Rules of the Probate and Family Court (2012).

---

an acceptable trustee.  Before trial, Michael and Rebekah withdrew their objections.

3

Because, as the judge found, the trust is "silent with respect to the criteria for removal of a [t]rustee," the judge properly turned to § 706 (b). Applying that statute, the judge concluded:

> "[t]he removal of the co-Trustees and appointment of Jeffrey as successor Trustee satisfies multiple criteria of Section 706(b). Because Michael and Rebekah have withdrawn their objections to their removal and to the appointment of Jeffrey as successor Trustee, the Court need not apportion fault for the breakdown in the relationship among the siblings. It is sufficient to note that it became abundantly clear during the four days of trial that a lack of cooperation among the three sibling co-Trustees substantially impairs the administration of the Trust."

The judge further concluded that "there was no evidence at trial of any problems in the relationships between Jeffrey, Michael and Rebekah and their . . . relatives" from Susan's side of the family; rather, "[t]he only person who has a contentious relationship with all the other interested parties is Alex." We discern no clear error or abuse of discretion.

2. _Reappointment of Jeffrey as trustee_. Alex next contends that the judge's appointment of Jeffrey as successor trustee was an abuse of discretion because in 2017 Jeffrey had resigned as trustee. Jeffrey counters that the plain language of the trust permitted Jeffrey to reappoint himself as trustee in the case of a vacancy, and alternatively the judge had the power to appoint him.

4

The interpretation of a trust "is a matter of law to be resolved by the court." Ferri v. Powell-Ferri, 476 Mass. 651, 654 (2017). "When interpreting trust language . . . we do not read words in isolation and out of context. Rather we strive to discern the settlor's intent from the trust instrument as a whole . . .." Hillman v. Hillman, 433 Mass. 590, 593 (2001). If the language of the trust is clear, "we look only to that plain language." Ferri, supra.

As mentioned, the trust document appointed Susan as trustee, with Jeffrey to succeed her upon her death, and "[i]f he does not . . . remain Trustee, then [the children] . . . shall all serve in that capacity." The trust document further provides, "In case of any further vacancy, a successor Trustee shall be appointed by me, . . . otherwise by [Jeffrey] . . . ." The judge interpreted that language to grant Jeffrey "the authority to appoint a successor trustee if there is a vacancy," and as not precluding him from re-appointing himself. We concur with that interpretation of the trust document. Contrast Mackey v. Santander Bank, N.A., 98 Mass. App. Ct. 431, 434-437 (2020) (reappointment of trustee who had previously resigned was precluded by terms of trust).

The judge further concluded that, even if the terms of the trust did not permit Jeffrey to re-appoint himself trustee, the judge had the authority to do so pursuant to G. L. c. 203E,

5

§ 704 (c) (3). For substantially the same reasons as the judge, we conclude that § 704 (c) (3) empowered the judge to appoint Jeffrey as trustee.

The judge was not persuaded by Alex's contention that, because of the "animosity" between himself and Jeffrey, the judge should appoint an independent trustee. The judge concluded that because the trust "is a fractional owner of a single-family vacation home shared by extended family members[,] [i]ts administration is simple, and it would be contrary to the efficient administration of the [t]rust to introduce a court-appointed stranger to the mix." Again, we discern no clear error or abuse of discretion.

3. _Appellate attorney's fees_. Jeffrey requests that we award him appellate attorney's fees and costs. Pursuant to G. L. c. 215, § 45, the Probate and Family Court judge concluded that "justice and equity require" an award to Jeffrey of the fees and costs incurred after this matter was scheduled for trial, to be paid by Alex. In our discretion, we likewise conclude that justice and equity require that Jeffrey be awarded his appellate attorney's fees and costs, to be paid by Alex.[3] See _Estate of King_, 455 Mass. 796, 804-805 (2010) (in cases

---

[3] This award is pursuant to G. L. c. 215, § 45, and not Mass. R. A. P. 25 or 26, as appearing in 481 Mass. 1654-1655 (2019).

6

applying § 45, "the party whose conduct triggered the need for litigation has been ordered to pay the expenses arising from that litigation"); Howe v. Tarvezian, 73 Mass. App. Ct. 10, 17 (2008) (noting that § 45 "extend[s] eligibility for fees to the appellate process").

Jeffrey shall file with this court and serve on Alex a submission detailing and supporting the amounts of reasonable attorney's fees and costs incurred in connection with this appeal, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004).  Thereafter, Alex shall have fourteen days to respond.

Decree and order on petition
   for removal of trustee and
   appointment of successor
   trustee affirmed.

By the Court (Massing,
   Singh & Grant, JJ.[4]),

Clerk

Entered:  May 5, 2026.

---

[4] The panelists are listed in order of seniority.