NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-334

FRANZ MARX

vs.

PATRICIA BROOKS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

We have seen this case, which we hope is nearing the end of litigation, before.  See Marx v. Brooks, 105 Mass. App. Ct. 1127 (2025) (Marx I).  In very brief, this action involves events that occurred after dissolution of an approximately thirteen-year committed relationship between the parties during which they lived together.  The Superior Court complaint in this matter was filed on May 10, 2018.  The only count of relevance here was that for conversion.

As a different panel of this court described in the previous decision, in 2019, the trial court issued a preliminary injunction that enjoined Brooks from "removing, selling or transferring the personalty of the plaintiff" from the home the

parties previously shared and where Brooks continued to live. This order applied, among other things, to "a covered trailer, a Toyota, several car parts, and the shell of a Corvette." Marx I. In 2021, Brooks, in concert with her husband, "sold the trailer and the Toyota." Id. In a contempt action, this was found to amount to contempt of court.

In addition, at Brooks's instruction, her husband "'moved many of the disputed car parts from a covered and protected environment, either in the covered trailer or in the garage, to the outdoor elements' and that the Corvette was moved from the garage to the yard." Marx I. The judge concluded that moving these disputed properties to an area where the elements would cause damage was also a violation of the preliminary injunction and in contempt of court.

Appealing from the contempt judgment, Brooks argued that the term "removing" in the order was vague, and "she was not on notice that 'moving' the items outside would result in contempt." Marx I. A different panel of this court ultimately concluded that the judge was correct, and these actions, too, "clearly violated the preliminary injunction." Id.

This appeal is from the judgment after a jury verdict against Brooks on the conversion claim. Brooks argues first that the judge erred in giving a jury instruction which stated:

"In June of 2019, this Court issued an order to both the plaintiff and the defendant that all of the personal property that was involved or in dispute in this case remained where it was at the . . . property, that the status quo as to the location of that property be maintained during the pendency of this lawsuit, which is ongoing to this date."

She argues that the instruction was prejudicial because the term "status quo" was a mischaracterization of the order, in that the language of the order with respect to "removing" the property did not encompass her moving it from one location to another on her property.

In her brief, which was filed after the rescript issued for Marx I, Brooks does not mention the prior decision on this precise issue. Marx points out in his response that the prior decision is res judicata to the question presented here. Brooks's reply brief does not even mention or respond to this argument but instead raises a new argument, that the jury instruction should not have referenced the injunction at all. Since that argument was not present in the initial brief, we do not consider it here.

Brooks's argument is meritless because, indeed, the prior decision is res judicata. At argument, Brooks's counsel maintained that the decision had no res judicata effect until July 28, 2025, when further appellate review was denied, subsequent to the filing of the opening brief. Decisions of the

3

courts of our Commonwealth, however, have res judicata effect regardless of whether they are on appeal.  Commonwealth v. Hernandez, 481 Mass. 582, 595 (2019) ("In Massachusetts, as elsewhere, a trial court judgment is final for purposes of res judicata or issue preclusion regardless of the fact that it is on appeal").[1]

Brooks's second argument relates to the verdict slip.  On the conversion count, it stated, "Did the defendant convert the plaintiff's personal property?"  Brooks requested that the word "intentionally" be inserted between "defendant" and "convert" on the verdict slip; the trial judge concluded that the wording of the verdict slip was discretionary and denied her request.  Brooks alleges that the judge's failure to include this word was reversible error.

We find this argument meritless as well.  The jury were clearly instructed that intent was an element of conversion.  Therefore, asking the jury whether the defendant converted the plaintiff's personal property included a precisely correct statement of the law on the question before the jury.  Failure to duplicate the word "intentionally" on the jury verdict slip was clearly not error.

---

[1] Brooks also argues that the judge incorrectly said that the order was against both her and her husband.  As this cannot have harmed her, this argument, too, is meritless.

4

Marx argues that Brooks's appeal is frivolous and that he should be awarded fees and costs.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  We agree, and Marx shall file with the court his submission detailing and supporting the attorney's fees and costs sought within fourteen days of this decision.  See Fabre v. Walton, 441 Mass. 9, 10 (2004).  Brooks may respond within fourteen days of the date of said filing.  See id.

Judgment affirmed.

By the Court (Rubin, Grant & Hodgens, JJ.[2]),

Clerk

Entered:  May 14, 2026.

---

[2] The panelists are listed in order of seniority.