After an evidentiary hearing, the complaint for contempt brought by ZVI Construction Company, LLC (ZVI), against Joshua Huggard, Brendan Higgins, their attorney Franklin Levy, and his law firm, Lawson and Weitzen, LLP (L & W),[3] was dismissed by a judge of the Superior Court. ZVI appeals from the judgment, which was based on the judge's finding that Levy and L & W were not in contempt of a previously issued injunction.
Levy had placed funds received by The Upper Crust, LLC from a separate settlement into the Interest on Lawyers' Trust Account (IOLTA account) maintained by his firm, L & W. He then disbursed the funds to pay outstanding legal fees and to retain a new attorney to represent Upper Crust in a separate bankruptcy action, with the remainder going to its operating account. The judge dismissed the complaint for contempt, holding that there was no "clear and undoubted disobedience of a clear and unequivocal command" and therefore no violation of the injunction. United Factory Outlet, Inc. v. Jay's Stores, Inc., 361 Mass. 35, 36 (1972). We affirm.
Background. The judge found the following facts. The preliminary injunction arose during an action between Upper Crust and ZVI Construction, which was seeking payment for outstanding balances for work performed on several Upper Crust pizza restaurants. The court granted a preliminary injunction requested by ZVI, which provides, in relevant part:
"[P]ending further hearing on preliminary injunction, defendants, their directors, officers, employees and agents are enjoined from distributing, transferring, assigning, pledging or otherwise encumbering any funds, revenue or assets of any Upper Crust entity or JJB Management other than for expenses incurred in the ordinary course of business.... The defendants are further enjoined from opening, using or transferring funds, revenues or other business monies into any new or previously undisclosed account."
Meanwhile, a separate lawsuit was under way between Upper Crust and two of its principals (Joshua Huggard and Brendan Higgins) against the third principal (Jordan Tobins). That action settled, with Tobins agreeing to pay $250,000 to Upper Crust.
A subsequent mediation of the action between ZVI and Upper Crust yielded a settlement agreement that provided that the funds transferred by Tobins to Upper Crust then be distributed to ZVI. Tobins's attorney contacted Levy regarding where to wire those funds. Levy, uncertain as to where the funds should be allocated, directed the funds to be held in his firm's IOLTA account while he sought further direction.
Shortly thereafter, Upper Crust retained a separate firm to represent it in bankruptcy proceedings, as the company was struggling financially. After the funds from Tobins were wired to L & W's IOLTA account, Upper Crust's chief financial officer instructed Levy to distribute the funds to pay outstanding legal fees and the retainer for its new counsel in preparation for bankruptcy proceedings, and to disburse the rest to Upper Crust's management firm. Levy disbursed the funds as directed. In doing so, Levy testified that he believed he was acting in the ordinary course of Upper Crust's business.
On appeal ZVI contends that the disbursement of funds through the IOLTA account constituted a clear violation of the injunction. The judge found that ZVI did not meet its burden of proving that the injunction had been violated, as there had been no "clear and undoubted disobedience of a clear and unequivocal command." United Factory Outlet, Inc. v. Jay's Stores, Inc., 361 Mass. at 36. The judge's decision was rooted in ZVI's failure to prove that the transfers of funds were outside of the ordinary course of business, the fact that L & W's IOLTA account was not a "new or previously undisclosed bank account," and because ZVI could not show it had been damaged. The judge concluded that ZVI failed to establish that Levy and his firm violated the injunction. ZVI argues that the judge erred in this ruling. We disagree.
Standard of review. ZVI's contention that the judge's decision is subject to plenary review by this court is misguided and warrants little discussion. ZVI relies on a decision from the Court of Appeals for the First Circuit, which clearly states that "we review a trial court's factfinding in contempt proceedings for clear error.... Questions of law and mixed questions where the legal aspect predominates are afforded plenary review." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 15 (1st Cir. 1991). Before us, however, is a challenge to the judge's findings of fact, which we review for clear error, and her ultimate conclusion on the complaint for contempt, which is reviewed under the abuse of discretion standard. Judge Rotenberg Educ. Center v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). "A finding of fact by the trial judge will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." White v. Hartigan, 464 Mass. 400, 414 (2013), quoting from New England Canteen Serv., Inc. v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420 (2005). A judge's decision constitutes an abuse of discretion if we determine it stemmed from "a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted). We further recognize that "the judge, who has a firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence." Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997) (quotation omitted).
Discussion. Having reviewed the record and the judge's thoughtful and comprehensive decision, we conclude that her factual findings were amply supported and therefore not clearly erroneous. See White, supra. We turn first to ZVI's argument that the judge erred in finding that the disbursements made from the IOLTA account were made in the ordinary course of Upper Crust's business. The judge relied on Higgins's Case, 284 Mass. 345, 353 (1933), which defined ordinary course of business as "the usual, common, general, customary"; "the opposite of rare, uncommon, exceptional, extraordinary, unusual." She heard testimony from Levy that he believed that the disbursements were within the ordinary course of business. We discern no error in the judge's determination that the disbursement of funds for legal fees, a new legal retainer, and to the company's management firm was within the ordinary course of business, such that it was within "the course of its normal, day-to-day business operations."[4] Demoulas, supra at 568.
Further, the judge's finding that the IOLTA account in question was not "new or previously undisclosed" was substantiated as Upper Crust had disbursed funds to the same IOLTA account several times for payment of legal fees. The judge had the best opportunity to consider the weight and credibility of the evidence, and we discern no mistake in her conclusion. Demoulas, supra.
As to the judge's ultimate decision to dismiss the complaint for contempt, we conclude that the decision was well-supported in the record and therefore within the range of reasonable alternatives. Accordingly, there was no abuse of discretion, and as there was no error in the judge's decision on contempt, we need not reach the secondary issue of whether any contempt by Levy or his firm damaged ZVI.
L & W and Levy have requested appellate attorney's fees and double costs in their brief. Because we consider the appeal to be frivolous, we will grant their request. L & W and Levy may file a petition for appellate attorney's fees with supporting documentation in accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), within fourteen days of the date of the rescript. ZVI will have fourteen days within which to respond.
Judgment entered on April 11, 2016, affirmed.

This court had another case before it involving ZVI, Levy, and L & W. See ZVI Constr. Co., LLC v. Levy, 90 Mass. App. Ct. 425 (2016).

Indeed, ZVI does not contest, as a general proposition, that attorney's fees are expenses arising out of the ordinary course of business, but he claims that the particular disbursements at issue here were unusual in terms of their timing, amount, and method of payment. The judge found otherwise, however, and the record reveals no clear error in her ruling.