NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-924

MOLLY COSEL WENDT

vs.

WILLIAM GEORGE WENDT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William George Wendt, was adjudged in contempt for failing to reimburse the plaintiff, his former wife, Molly Cosel Wendt, for attorney's fees she incurred to protect her interest in the marital home from collection efforts pursued by the defendant's parents and brother.  The defendant appeals,[1] claiming that the judge erroneously found that he had

---

[1] The defendant also appeals from the denial of his motion for relief from judgment.  In view of our conclusion that there was sufficient evidence in addition to the defendant's beneficial interest in the trust to support the judge's conclusion that the defendant had the ability to pay the fees, it follows that the judge did not abuse his discretion in denying the motion.

the ability to pay the fees at the time the contempt judgment entered.  We affirm.

Background.  Approximately six years after the parties were married, the plaintiff filed a complaint for divorce on the grounds of an irretrievable breakdown of the marriage. Following a four day trial in March 2022, a judgment of divorce nisi entered on July 22, 2022.[2]  The judgment of contempt that is the subject of this appeal arose from the defendant's failure to comply with the following provision set forth in the judgment of divorce nisi:

> "Two Million Dollar Promissory Note in favor of William H. Wendt and Dalia K. Wendt:  To the extent this constitutes a legal obligation, Father [the defendant] shall be solely responsible for its satisfaction.  Mother [the plaintiff] has no obligation to repay any funds to William H. Wendt and/or Dalia K. Wendt.  The Husband shall indemnify and hold the Wife harmless from any and all costs, including attorneys' fees associated with collection efforts [relative to the promissory note] taken by William H. Wendt and Dalia K. Wendt against Mother."[3]

---

[2] The defendant appealed from the divorce judgment.  A different panel of this court affirmed the judgment with one exception concerning the apportionment of parenting time.  See Wendt v. Wendt, 104 Mass. App. Ct. 1106 (2024).

[3] In his written findings and ruling on the plaintiff's complaint for contempt, the judge explained that, at the time he issued the judgment of divorce, he was aware that the defendant's parents were attempting to collect on a default judgment they obtained against the defendant in connection with the $2 million promissory note.  In addition to finding that the defendant was solely responsible for the promissory note, and that the note was not a legitimate obligation of the marriage, the judge found that the execution of the note was the result of "collusion and cooperation" between the defendant and his

2

In January 2023, the plaintiff filed a complaint for civil contempt in which she alleged that the defendant had willfully disobeyed the above-quoted provision of the judgment of divorce nisi by refusing to reimburse her for costs (attorney's fees) that she incurred "in seeking to enjoin the defendant's relatives from selling by sheriff's sale an 'undivided one-half interest' in the property [marital home] awarded to her in the judgment [of divorce nisi]."  Following a hearing held on May 9, 2023, the same judge who presided over the divorce proceedings found that the attorney's fees at issue were "directly related" to costs incurred by the plaintiff to protect her interests "as a result of collection efforts pursued against her" by the defendant's relatives, and that the defendant had refused to pay the fees, which at that time amounted to $13,373.40, as required by the judgment of divorce nisi.  The judge further found that the defendant had the ability to pay the fees, noting that the defendant's financial statement, on which the defendant stated he had less than $1,000 in liquid assets, was not credible, and that the defendant was "the beneficiary of a trust in excess of five million dollars."

---

parents to create a "sham obligation of the marriage" in an effort to extract money from the plaintiff.

3

Discussion. "We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022) (quotation omitted). "To constitute civil contempt, there must be 'clear and convincing evidence of disobedience of a clear and unequivocal command.'" Id. at 687, quoting Birchall, petitioner, 454 Mass. 837, 853 (2009). "In addition, the defendant must be found to have the ability to pay at the time the contempt judgment enters." Poras v. Pauling, 70 Mass. App. Ct. 535, 540 (2007) (quotation omitted). The defendant concedes that the underlying judgment was clear and unambiguous but contends that the judgment of contempt must be reversed because the judge improperly relied on his beneficial interest in the trust, to which he has no right to demand distributions, in concluding that he had the ability to pay.[4]

This argument fails for two reasons. First, the defendant's beneficial interest in the trust was not the sole

_____

[4] The plaintiff contends that the defendant waived this argument for failing to raise it in his answer to the complaint for contempt or at the hearing held on May 9, 2023. Although we agree that the issue was first explicitly raised in the defendant's motion for relief from judgment, we nonetheless address it because the judge was required to (and did) consider the defendant's ability to pay at the time the contempt judgment entered.

4

basis for the judge's conclusion that the defendant had the ability to pay.  The judge also considered the defendant's financial statement and specifically rejected the defendant's claim that he had less than $1,000 in liquid assets.  Implicit in this finding is a conclusion that the defendant had sufficient funds to meet his obligation to reimburse the plaintiff as required by the judgment of divorce.  It bears noting that the judge previously had found that the defendant received income from his parents' business and was capable of earning $100,000 a year as a commercial photographer.  In the absence of any contrary evidence, the judge was warranted in relying on his prior findings regarding the defendant's financial resources in assessing the defendant's ability to pay.

Second, to the extent the judge relied on the defendant's beneficial interest in the trust, he did not ignore the "law of the case."  Although, as the defendant correctly notes, the judgment of divorce excludes the trust from the division of marital assets and the judge recognized that the defendant has no right to demand distributions from the trust, the judge also found that the trust "provides a significant safety net" for the defendant and that the independent trustee "may pay to or expend for the benefit of [the defendant] any income or principal of the trust as the Trustee deems desirable to provide for [the defendant's] support or education."  We discern no contradiction

5

between these prior findings and the judge's reference to the trust fund in his judgment of contempt. The judge did not suggest that the defendant could access the trust funds directly or otherwise imply anything more than what he had previously noted, that is, the trust provides the defendant with a "safety net." Accordingly, we conclude that the judge did not err or abuse his discretion in concluding that the defendant had the ability to pay the plaintiff $13,895.15 in attorney's fees.

We further conclude that the judge properly awarded $660 in attorney's fees to the plaintiff in connection with her complaint for contempt, and we allow the plaintiff's request for costs, which is to include her reasonable appellate attorney's fees. Consistent with the procedure set out in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may within fourteen days of the date of this decision submit to this court an application, along with supporting documentation, for her

reasonably incurred attorney's fees and costs of appeal.  The defendant shall have fourteen days thereafter to respond.

<u>Judgment of contempt entered May 12, 2023, affirmed</u>.

<u>Order denying motion for relief from judgment entered July 17, 2023, affirmed</u>.

By the Court (Vuono, Shin & Toone, JJ.[5]),

Clerk

Entered:  September 4, 2024.

---

[5] The panelists are listed in order of seniority.

7