NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1016

JOHN M. MURPHY & another[1]

vs.

PATRICIA NICOLA RIBEIRO LEVITES & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, John and Karen Murphy, brought this action in the Superior Court against the defendants, Daniel and Patricia Levites, asserting a claim for private nuisance and seeking a declaratory judgment regarding an easement on the Levites' property that allows the Murphys to access a saltwater pond.  Following trial, the jury returned a verdict in favor of the Murphys on their nuisance claim and awarded damages, and the judge issued a decision and order declaring that they have the right to maintain the easement for passage.  On appeal, the

_____

[1] Karen A. Murphy.

[2] Daniel Rozenfeld Levites.

Levites argue that (1) the Murphys do not have an ownership interest in the easement that allows them to bring an action for private nuisance, and (2) the jury instructions and verdict slip were erroneous.  We affirm the judgment and award the Murphys appellate attorney's fees and costs.

Background.  The jury could have found the following facts. A developer subdivided a property in West Dennis to create 52 Loring Avenue, a property that lies along the road, and 54 Loring Avenue, an abutting property with frontage on Kelley's Pond.  When the Murphys purchased 52 Loring Avenue in 2016, the conveyance deed stated that the owners had a perpetual easement that benefitted them, "their heirs, successors and assigns, to pass and repass, by foot only over an eight (8) foot wide path, located on the northeasterly boundary of the property located at 54 Loring Avenue."  The Murphys used the easement to access the pond without incident until May 2020, when the Levites purchased 54 Loring Avenue.

The Levites were aware of the easement when they purchased the property.  Before they closed on it, they objected to the Murphys spreading stone dust along the easement path, and the Murphys agreed to remove it.  In June 2020, Karen Murphy and two of her children were relaxing by the pond when Patricia Levites accused them of trespassing, told them to leave, and began to videotape them.  Patricia told Karen that "she would give [her]

2

no peace with [her] family and she would spend millions to do so."  Following this incident, John and Daniel agreed that the Murphys would not use the easement for two weeks so that the Levites could "figure things out."

Two weeks later, the Murphys used the easement to access the pond, and Patricia responded by tying yellow caution tape across the path.  Many similar incidents followed.  The Levites constructed a wire fence on the easement, took pictures of the Murphys in their bathing suits, objected to efforts to maintain the easement, installed signs stating the area was under "24-hour surveillance," placed a video camera and alarm in a tree on the easement, and planted new trees on it.  In May 2021, Patricia called the police in an attempt to get one of the Murphys' daughters and her friends arrested for using the easement.

The Murphys filed suit, claiming that the Levites' obstruction of the easement constituted a private nuisance and seeking declaratory and injunctive relief and damages.  After a four-day trial in August 2022, a jury returned a verdict finding the Levites liable for creating a private nuisance and awarding the Murphys $60,000 in damages.  In September 2022, the judge issued a decision and order on the Murphys' claim for declaratory judgment, declaring that the Murphys have a right to reasonably maintain the easement and that as many as eight of

3

the Murphys' family members, guests, and lessees may use the easement at a time.

Discussion. 1. Motion for directed verdict. The Levites argue that the judge erred in denying their motion for a directed verdict because the Murphys do not have a possessory interest in the easement that allows them to bring a claim for nuisance. That argument is without merit. "To bring a nuisance action, the plaintiff must have an interest in land, but this can be less than a fee simple absolute [footnote omitted]." 9 M.A. Wolf, Powell on Real Property § 64.02[5] (2024). An easement is "a sufficient property interest to support a nuisance claim [footnote omitted]." Id. See Restatement (Second) of Torts § 821E (1979) ("For a private nuisance there is liability only to those who have property rights and privileges in respect to the use and enjoyment of the land affected, including . . . owners of easements"). In Connerty v. Metropolitan Dist. Comm'n, 398 Mass. 140, 147 (1986), the Supreme Judicial Court observed that, because plaintiffs with "some interest in the property affected" may bring private nuisance actions, "holders of easements . . . have been permitted to recover in nuisance actions."

Notwithstanding this authority, the Levites argue that an easement holder cannot bring an action for private nuisance in response to a servient estate owner's obstruction of the

4

easement because "only one parcel of land" is involved.  They rely primarily on Doe v. New Bedford Hous. Auth., 417 Mass. 273, 288 (1994), which held that tenants cannot sue their landlord for nuisance because "two different parcels of property" are required:  "one on which the nuisance condition exists, and another whose occupants are burdened by the nuisance."  Assuming without deciding that the holding in Doe applies in this context, its requirement is satisfied.  The Murphys and Levites reside on distinct parcels of land, and the Murphys benefit from the easement over the Levites' property because it allows them to access Kelley's Pond from their property.  The judge did not err in denying the Levites' motion for a directed verdict.

2.  Jury instructions and verdict slip.  Although the Levites argue that the judge erred in instructing the jury that this case involved two parcels of land, they did not object to this instruction after it was given.  "As provided by the Massachusetts Rules of Civil Procedure, 'no party may assign as error the giving or failure to give an instruction unless [the party] objects thereto before the jury retires to consider [their] verdict, stating distinctly the matter to which [the party] objects and the grounds of [the] objection.'"  Rotkiewicz v. Sadowsky, 431 Mass. 748, 750-751 (2000), quoting Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974).  Because the "primary purpose of the rule is to put the judge on notice of the issue,"

5

a party objecting to an instruction must "clearly bring the objection and the grounds for it to the attention of the judge." Rotkiewicz, supra at 751.  By failing to object to the instruction at trial, the Levites waived their right to claim error on appeal.  See Greene v. Philip Morris USA Inc., 491 Mass. 866, 877-878 (2023); Boston Edison Co. v. Massachusetts Water Resources Auth., 459 Mass. 724, 740 (2011).

The Levites also argue that the verdict slip was erroneous because it presumed that a nuisance had occurred and did not direct the jury to decide whether any nuisance was substantial or unreasonable.  Again, by not objecting to the verdict slip at trial, the Levites waived their right to challenge it on appeal. See Motsis v. Ming's Supermarket, Inc., 96 Mass. App. Ct. 371, 383 (2019) ("Any objection to the form of a verdict slip must be timely raised").

3. Appellate attorney's fees.  Asserting that this appeal is frivolous, the Murphys have requested an award of their appellate attorney's fees and costs.  We agree and grant the Murphys' request.  See Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 212 (2007).  The existence of the easement over the Levites' property is undisputed on appeal, and, as discussed supra, the right of an easement holder to bring a nuisance action against a servient estate owner who obstructs it is not subject to reasonable dispute.  Furthermore,

6

the Levites' threat to "spend millions" to deprive the Murphys of their peaceful enjoyment of the easement and access to Kelley's Pond is indicative of bad faith. Consistent with the procedure set out in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the Murphys may submit an application for their reasonably incurred attorney's fees and costs of appeal, with supporting documentation, to this court within fourteen days of the date of issuance of this decision. The Levites shall have fourteen days thereafter to respond.

Amended judgment affirmed.

By the Court (Sacks, Ditkoff & Toone, JJ.[3]),

Clerk

Entered: September 24, 2024.

---

[3] The panelists are listed in order of seniority.