NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-42

MATTHEW JOHN LEE

vs.

MARY BETH LEE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff husband filed a complaint for divorce on January 25, 2022.  After an evidentiary hearing, a judge of the Probate and Family Court dismissed the complaint for three independent reasons:  lack of subject matter jurisdiction; lack of personal jurisdiction over the wife; and forum non conveniens.  The husband appeals.  We affirm the judgment of dismissal based on lack of subject matter jurisdiction.

The parties have never lived together in Massachusetts; indeed, the wife was last in Massachusetts briefly in 2017, more than three years before the husband took a job in the Commonwealth.  "Where parties to a divorce action have never lived together as spouses in Massachusetts, a divorce may not be

adjudged unless the plaintiff has satisfied either (1) the 'one-year residency requirement' under G. L. c. 208, § 5 (§ 5); or (2) the 'alternative jurisdictional requirements' of § 5, by proving that he or she was domiciled in Massachusetts at the commencement of the divorce action and the 'cause' for divorce occurred within Massachusetts." Rose v. Rose, 96 Mass. App. Ct. 557, 557 (2019), quoting Caffyn v. Caffyn, 441 Mass. 487, 487-488 (2004).

To meet the one-year residency requirement "a plaintiff [must] maintain an actual, continuous residence in the Commonwealth for twelve consecutive months immediately prior to the commencement of the divorce action." Rose, 96 Mass. App. Ct. at 563. We have explained that "[w]hether a plaintiff has maintained an actual, continuous residence in the Commonwealth . . . is a question of fact." Id. at 564.

In this case, the judge held an evidentiary hearing and made detailed findings of fact. The husband does not argue that any of the findings relevant to the determination of residency are clearly erroneous. (He does argue that it was clearly erroneous for the motion judge to consider his ongoing maintenance of a joint account in Tennessee with the wife, as a factor in concluding that he was not domiciled in Massachusetts. He contends this finding suggests that the husband had to ignore his financial obligations to his family in Tennessee in order to

2

establish residency in Massachusetts.  The judge made no such finding).

The judge's subsidiary factual findings support the ultimate factual conclusion that the husband was not a resident of Massachusetts actually and continuously for the year prior to the filing of husband's complaint for divorce.  Among the relevant findings were these:  The husband had previously obtained employment in Humboldt, Tennessee, approximately four hours away from the marital home, and had "several extended stays away from the marital home" while working in that job over a period of seven months.  In October, 2020, the parties began refinancing their marital home in Tennessee, a process completed in December, 2020. At the time, the husband represented to the lender that he was residing in the marital home.

The husband arrived in Massachusetts on January 17, 2021, one year and eight days before filing for divorce, to take a job in West Bridgewater.  He briefly stayed in an apartment paid for by his employer.  Ultimately, the husband resided with his aunt and uncle in Hanover, where he paid no rent, but contributed to the household in various ways, including cooking, working on automobiles, and maintaining the swimming pool.

The husband returned to Tennessee during the year preceding the filing of the complaint for divorce.  He was in Tennessee for over a month from April 1 to May 5, 2021, and then returned

to Tennessee from June 16 through June 21; August 12 to August 15; and September 16 to September 20.  The husband was also in Tennessee from at least November 21 to November 28 and from December 23, 2021 to January 1, 2022, though he may have been there for longer periods of time on these occasions.[1]  His employment in Massachusetts ended in November, 2021.  He then became employed again in Massachusetts, by a different employer, beginning in December, 2021.

Throughout 2022, the husband returned to the marital home in Tennessee, where he did chores, paid the bills, walked the dog, shared family time, participated in the children's activities and slept in the same bed as the wife.  The husband's closet in the Tennessee marital home remains full of his clothes, as do two dressers.

When the husband left for Massachusetts, he told his children that he was coming to Massachusetts for work.  In March or April, 2021, he brought one car to Massachusetts, but left

---

[1] There is some inconsistency in the judge's findings as to exactly how long the husband spent in Tennessee during his visits in November, 2021 and December, 2021 to January, 2022. While the judge appears to have credited the wife's statement in her affidavit that husband visited on the listed dates, the judge also found that the husband returned to Tennessee for roughly one month after his employment with his first Massachusetts employer ended in November, 2021, and that the husband spent a few weeks in Tennessee from December, 2021 to January, 2022.  Neither party has challenged these findings, however, and where there is a discrepancy, we will assume in the husband's favor that the visits lasted the shorter time period.

his truck and his 1989 Pontiac Trans Am at the marital home. All three vehicles are registered in Tennessee. He had a hunting license in Tennessee during the entire year preceding the filing of the complaint for divorce. He has not obtained a license to hunt in Massachusetts and he left his hunting equipment, as well as his boat, in Tennessee. The husband remained a member of the board of the local Boy Scout troop in Tennessee. At the time he filed the complaint, he did not have a Massachusetts driver's license, and was registered to vote in Tennessee.

After April, 2022, the husband prepared and filed 2021 tax returns jointly with the wife. On the Massachusetts return, he indicated that he was a "non-resident/part-year resident." The joint Federal return listed the marital home as the parties' address. During both of his jobs in Massachusetts, the husband received health insurance through Blue Cross Blue Shield of Massachusetts, which sent mail to the husband at his Tennessee address. Paychecks from his first employer were deposited into the parties' joint account in Tennessee. His income was used to pay the mortgage on the marital home, as well as the children's high school and college expenses.

We have said that factors relevant to residency include "receipt of mail, voter registration, physical address, the payment of rent, bank accounts, vehicle registration, storage of

5

clothing and personal effects, payment of taxes, and prior history of residence."  See Rose, 96 Mass. App. Ct. at 564, quoting Meyer v. Meyer, 68 A.3d 571, 584 (R.I. 2013).  The facts described certainly support the judge's conclusion that the husband did not maintain an actual, continuous residence in Massachusetts during the year preceding the filing of the complaint for divorce.

Alternatively, G. L. c. 208, § 5, provides our courts subject matter jurisdiction to hear a complaint for divorce of parties who are domiciled in Massachusetts when they file the complaint, where the cause for the divorce occurred within Massachusetts, so long as they did not remove into Massachusetts to obtain a divorce.

Domicil has been defined as "the place of one's actual residence with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode."  Fiorentino v. Probate Court, 365 Mass. 13, 17 n.7 (1974).  A determination of domicil can be made based on a number of factors, including whether the plaintiff has "a Massachusetts driver's license and automobile registration; whether he or she has purchased a home or has leased an apartment in the Commonwealth; . . . whether any children have been brought to live in Massachusetts; whether personal property, including household goods, has been brought here;

6

whether permanent employment has been obtained in Massachusetts; whether there is evidence of abandonment of previous domicil, e.g., cancellation of bank accounts, leases, memberships, and so forth, sale of property, and issuance of change of address notices."  Caffyn, 441 Mass. at 492, quoting Fiorentino, supra at 22 & n.12.

In this case, the judge did not credit the husband's testimony that he did not have an intention to return to the marital home at the time he filed his complaint for divorce in January, 2022.  The judge noted that the husband did return to the marital home even after that date.  Indeed, the husband filed the complaint having just spent the Christmas and New Year's period at the marital home with his family, and after filing it, but before serving it, returned to the marital home for Easter, from approximately April 13 through April 18, 2022, and eight weeks later, returned again to the marital home from June 26 until July 2, 2022, where he did chores, walked the dog, participated in activities with the children and slept in the same bed as the wife.  Given that, and in light of the facts described above about his driver's license, automobile registrations, failure yet to lease an apartment,[2] and leaving a

_____

[2] While the husband entered into a lease for a residence in Clinton in October, 2022, this is not relevant to our analysis as the husband must show that he was domiciled in Massachusetts "at the commencement of the divorce action" to establish subject

substantial portion of his personal property in Tennessee, there was, as the motion judge noted, "little evidence of [h]usband's abandonment of the marital home."

Of course, the credibility judgment of the husband's testimony is one that we will not disturb, having not heard the witness ourselves, see New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977), and when combined with the other facts and circumstances, the record clearly supports the judge's conclusion that the husband failed to prove that he was domiciled in Massachusetts at the time of the filing of the complaint.

For these reasons, the trial court lacked subject matter jurisdiction over the complaint for divorce. In light of our conclusion, we need not reach the other issues presented to us, including the question of where the cause of the divorce occurred, personal jurisdiction over the wife, and the doctrine of forum non conveniens.

The wife's request for attorney's fees and costs incurred in this appeal is allowed as the appeal is frivolous. See G. L. c. 211A, § 15; Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). The wife "may file her application for fees and costs,

_____

matter jurisdiction, and the husband filed for divorce in January, 2022. Rose, 96 Mass. App. Ct. at 557.

8

with any appropriate supporting materials, with the clerk of the [Appeals Court] within fourteen days" of the date of this decision.  Fabre v. Walton, 441 Mass. 9, 11 (2004).  The husband may respond to the petition within fourteen days of said filing.

Judgment affirmed.

By the Court (Rubin,
  Massing & Grant, JJ.[3]),

Clerk

Entered:  February 5, 2025.

---

[3] The panelists are listed in order of seniority.