In this defamation action, pro se plaintiff Kelechi Linardon appeals from a judgment of dismissal entered after a Superior Court judge allowed defendant Edith Noke's special motion to dismiss under the Strategic Litigation Against Public Participation statute, G. L. c. 231, § 59H (anti-SLAPP statute).[3] We affirm in part and remand the case for further proceedings.
Background. At all relevant times, Linardon was a resident at an apartment complex owned by Cliffside Realty Associates, LLP (Cliffside). Noke was Cliffside's on-site resident manager. In March of 2014, Linardon filed a complaint against Cliffside with the Massachusetts Commission Against Discrimination (MCAD), charging race, sex, and handicap discrimination. In response Cliffside filed a position statement describing the "tumultuous" nature of Linardon's tenancy and her allegedly "rude" and "hostile" behavior. Pertinent to this appeal, Cliffside asserted that, "[w]ithin weeks of moving into her apartment, Ms. Linardon obtained a restraining order against her husband, and had so alienated the Massachusetts Bay Transportation Authority's ... paratransit service for disabled individuals, 'the RIDE,' that RIDE drivers often refused to pick her up."
On June 22, 2014, within a month after Cliffside filed its position statement, Linardon sent Cliffside a letter, addressed to Noke's attention, in which she stated: "In the past I have asked you [Noke] ... not to intrude in my private affairs, and yet you continued by including private details on the respondent letter sent to the [MCAD] office, where you intentionally intruded into my privacy, displayed your obsessiveness with my spouse ..., and publicly disclosed and intruded upon my private affairs which is none of your business." The letter continued: "You lied against me and also against the MBTA RIDE. Your publication of my privacy was obviously made with intentional malice and is highly offensive, for which I have the right to take a legal action for defamation ...." Thereafter, Linardon attached the letter to a "rebuttal" statement she filed with the MCAD, in which she claimed that Cliffside "[was] invading [her] private life and disregarding right [sic ] to privacy" and that its "statement regarding the MBTA RIDE [was] false and portray[ed] [her] in a false light."
After an investigation the MCAD found a lack of probable cause to support Linardon's charges of discrimination and dismissed her complaint. That decision became final, after an administrative appeal by Linardon, in March of 2015. Two months later she filed this action, claiming "slander, libel and defamation" by Noke, but failing to identify what statements she was alleging to be defamatory. Instead, she alleged only in general terms that Noke "published [Linardon's] personal data as a means of harassment" and made "public disclosure of private matters ... as a means of further demeaning [Linardon]."
In her special motion to dismiss, Noke asserted that the only possible basis for Linardon's claims was the MCAD position statement, which, Noke argued, was protected petitioning activity under the anti-SLAPP statute. Linardon conceded this latter point in her opposition, filed through her then counsel, agreeing that "any statements made by [Noke] in defense of the MCAD complaint would be petitioning activity." She asserted, however, that her claims stemmed not from the MCAD proceeding, but from statements made by Noke to Linardon's neighbor. In particular, as alleged by Linardon in an affidavit, in September of 2013, the "neighbor reported to [Linardon] that Edith Noke told her [the neighbor]" that "the MBTA Ride would not pick [Linardon] up" and that "[Linardon] had taken out a restraining order against [her] partner."
After a hearing the judge allowed Noke's motion and dismissed the complaint. He concluded that Cliffside's MCAD position statement, even if it could be attributed to Noke, constituted protected petitioning activity under the anti-SLAPP statute. In addition, he found that Linardon's affidavit failed to present any other viable basis for her claims because it consisted of "inadmissible hearsay statements about what Linardon's neighbor allegedly told Linardon about a conversation she (the neighbor) supposedly had with Noke." These hearsay statements, the judge reasoned, were insufficient to overcome dismissal under the anti-SLAPP statute, especially given that Noke submitted an affidavit from the neighbor herself, who denied that she "had any discussions with Ms. Noke regarding Ms. Linardon's private affairs."
Discussion. To prevail on a special motion to dismiss under the anti-SLAPP statute, the movant bears the initial burden of showing that the nonmovant's claims "are 'based on' ... petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147 (2017), quoting from Fustolo v. Hollander, 455 Mass. 861, 865 (2010). If the movant makes this showing, the burden shifts to the nonmovant to prove that the petitioning activity "was devoid of any reasonable factual support or any arguable basis in law" and caused the nonmovant "actual injury." G. L. c. 231, § 59H, as amended by St. 1996, c. 450, § 245. See Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 165, 168 (1998).[4] In applying this burden-shifting test, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." G. L. c. 231, § 59H. See Blanchard, 477 Mass. at 147. We review the judge's ruling for abuse of discretion or error of law. See Baker v. Parsons, 434 Mass. 543, 550 (2001).
The judge did not err in dismissing Linardon's complaint as it relates to the MCAD position statement. Directly contrary to the representations Linardon made to the judge, her brief on appeal confirms that her defamation claim is based on "[Noke's] responses to the MCAD complaint";[5] in fact, the majority of her brief is devoted to discussing the merits of that claim. But as Linardon conceded below that the position statement constituted petitioning activity, she cannot now argue to the contrary. See Evans v. Rosengard Moving Sys., Inc., 54 Mass. App. Ct. 208, 211-212 (2002). Likewise, to the extent she now argues that the position statement was devoid of a reasonable basis in fact or law, any such argument is waived because she did not present it to the judge.[6]
Complicating our inquiry, however, is Linardon's assertion that her complaint is also based on Noke's alleged statements to the neighbor. This case comes to us in an unusual procedural posture-the complaint does not specify the statements alleged to be defamatory, yet it was dismissed under the anti-SLAPP statute as based only on petitioning activity. Ordinarily, when a defendant is faced with a vague or ambiguous complaint, the proper course of action would be to move for a more definite statement under Mass.R.Civ.P. 12(e), 365 Mass. 754 (1974), or, potentially, to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). "A special motion to dismiss under the anti-SLAPP statute is not intended to be a substitute for" other types of motions. Burley v. Comets Community Youth Center, Inc., 75 Mass. App. Ct. 818, 822 (2009). Nevertheless, here, given the sequence and content of the MCAD filings and Linardon's correspondence with Cliffside, we conclude that Noke was justified in her belief that the complaint was based on the position statement. Indeed, Linardon's June 22, 2014, letter specifically referenced the position statement as the basis for a potential defamation claim and makes no mention of any statements to the neighbor. Furthermore, as noted, Linardon has confirmed on appeal that her complaint is based, at least in large part, on the MCAD proceeding.
In this situation we construe the complaint as raising two claims: one based on the MCAD statement and one based on Noke's alleged statements to the neighbor. See Blanchard, 477 Mass. at 155 ("Where ... the claim structured as a single count readily could have been pleaded as separate counts, a special movant can meet its threshold burden with respect to the portion of that count based on petitioning activity"). Although the judge properly dismissed the former claim, the anti-SLAPP statute poses no bar to the latter. We acknowledge that the judge rejected Linardon's affidavit-in which she first made the allegations regarding the neighbor-because it consisted of inadmissible hearsay. But while this was permissible in the context of the anti-SLAPP statute, which requires consideration of affidavits, a properly pleaded claim could not be dismissed on hearsay grounds, as the allegations of a complaint must be taken as true. Granted, Linardon did not amend her complaint in response to the special motion to dismiss, which she could have done "as a matter of course," see Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), nor did she move for leave to amend after the dismissal. See Doherty v. Admiral's Flagship Condominium Trust, 80 Mass. App. Ct. 104, 112 (2011). On the other hand, Noke did not move for a more definite statement. In light of this unique procedural posture, we believe that a remand is appropriate for further proceedings on Linardon's claim regarding Noke's purported conversation with the neighbor.[7]
Finally, we consider Noke's request for appellate attorney fees and costs. A party who prevails on a special motion to dismiss is entitled to costs and reasonable attorney fees, including costs and fees incurred on appeal. See G. L. c. 231, § 59H ; O'Gara v. St. Germain, 91 Mass. App. Ct. 490, 501 (2017). Linardon's brief is mostly devoted to her claim regarding the MCAD proceeding, despite her concession below that it is barred under the anti-SLAPP statute. As a result, Noke was forced to defend the dismissal of that claim and has done so successfully. In these circumstances we conclude that Noke is entitled to a reasonable fee that reflects only the time spent by counsel to defend that dismissal. See Blanchard, 477 Mass. at 149-155, 161 (analyzing statements underlying defamation claim separately in determining whether special motion to dismiss should have been allowed). Cf. Clark v. Leisure Woods Estates, Inc., 89 Mass. App. Ct. 87, 96 (2016) (appellees entitled to award of fees reflecting time spent successfully defending judgment on claim under G. L. c. 93A). Accordingly, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Noke may file an application for fees and costs within fourteen days of issuance of the rescript. Linardon may file a written opposition within fourteen days thereafter.
Conclusion. So much of the judgment as was predicated on the allowance of the special motion to dismiss with respect to Noke's alleged statements to the neighbor is reversed. In all other respects, the judgment is affirmed, and the matter is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Reversed in part, affirmed in part and remanded.

The docket mistakenly indicates that the judgment was entered pursuant to Mass.R.Civ.P. 12(b), 365 Mass. 754 (1974); no such motion appears on the docket.

In Blanchard, 477 Mass. at 160, which was issued after the judge's decision in this case, the Supreme Judicial Court augmented the Duracraft framework by providing that a nonmovant can now meet her second-stage burden through proof that each challenged claim "was not primarily brought to chill the special movant's legitimate petitioning activities." Ibid.

In contrast, Linardon represented to the judge that the MCAD proceeding was "unrelated" to her claim and that "the statements that form the basis of [her] complaint pre-date any litigation."

For this reason remand is not necessary for further proceedings under the new Blanchard framework.

On remand Linardon may file an amended complaint, which must be filed within a reasonable amount of time, limited to her claim regarding Noke's statements to the neighbor. Our decision does not preclude Noke from raising any defense she has to the claim.