The defendant appeals from the order denying his motion to vacate a permanent abuse prevention order that was entered on September 28, 2000, pursuant to G. L. c. 209A, § 3. Because the defendant failed to prove by clear and convincing evidence that, as a result of a significant change in circumstances, no reasonable fear of imminent serious physical harm to the plaintiff presently exists, we affirm.
1. Background. On September 11, 1997, the plaintiff obtained an emergency ex parte abuse prevention order against the defendant. After a contested hearing, at which both parties were present, that order was extended for one year. The order was extended again for one year in 1998 and again in 1999 and was then made permanent in 2000. The defendant did not appear at any of the extension hearings after 1997, and did not challenge the permanent abuse prevention order on direct appeal.
Approximately thirteen years later, in March of 2013, the defendant moved to vacate the permanent order, alleging that the order was no longer needed because he had no contact with the plaintiff in the previous fifteen years. In addition, the defendant contended that he frequently travels out of the country for work and, as a result of the order, he is subject to a mandatory secondary interview by customs officials. He claims that the additional screening has caused him to be delayed and to miss connecting flights. At the time the defendant filed the motion to vacate, he lived in Maine. After a hearing, at which both parties were present, the motion was denied and the defendant did not appeal.
Four years later, the defendant filed a second motion to vacate the abuse prevention order. The motion is based substantially on the same arguments advanced in support of the motion filed in 2013. The only difference between the two motions is that by 2017, the defendant had not seen the plaintiff in twenty years. After a hearing, at which the plaintiff and defendant appeared, the judge, who was the same judge who had entered the permanent order in 2000, denied the defendant's motion. In concluding that the defendant had not met his burden, the judge was aware that the defendant, who lived in Nova Scotia in 2000 when the permanent order entered, now lives in Maine, which is closer to the plaintiff. The judge also noted that he was familiar with the defendant's criminal history. The judge recalled that he had entered the permanent order and observed that he is "very reluctant" to enter such orders.
2. Discussion. We review the denial of a motion to vacate a permanent abuse protection order for abuse of discretion. See MacDonald v. Caruso, 467 Mass. 382, 382-383 (2014). In order to prevail on his motion, the defendant was required to show by clear and convincing evidence (1) that there has been "a significant change in circumstances since the order was issued"; and (2) "whether, under the totality of the circumstances, the plaintiff, without the protection of an order of abuse prevention, would no longer reasonably fear imminent serious physical harm from the defendant." Id. at 390-391.
The defendant argues that three significant changes in circumstances justify terminating the order. The changes specified are that he has not seen the plaintiff in twenty years, he resides in Maine, and the existence of the order causes him to be delayed by customs officials when he travels abroad for work. The judge properly concluded that none of those changes in circumstances was sufficiently significant so as to require further inquiry.
The first specified change, the passage of time, was rejected by the Supreme Judicial Court in MacDonald. "The significant change in circumstances must involve more than the mere passage of time, because a judge who issues a permanent order knows that time will pass." MacDonald, 467 Mass. at 388. The second specified change, the defendant's residence in Maine, is not a change at all because at the time the permanent order entered in 2000, the defendant was already living outside of Massachusetts and, as the judge noted, the defendant now lives closer to the plaintiff. The third specified change, the inconvenience of extra scrutiny at airports, is simply a collateral consequence of the abuse prevention order. As such, it cannot be considered a change in circumstances. "Where a defendant has failed to meet his burden to terminate an abuse prevention order, the order shall not be terminated, regardless of how onerous the collateral consequences, because the only relevant issue is the safety of the plaintiff." Id. at 392.
As the defendant has not met his burden of demonstrating a significant change in circumstances, we need not consider whether he met his burden to show "by clear and convincing evidence that ... it is no longer equitable for the order to continue because the [plaintiff] no longer has a reasonable fear of imminent serious physical harm." Id. at 382-383.[2]
3. Appellate attorney's fees. The plaintiff argues that she is entitled to her reasonable appellate attorney's fees because the defendant pursued a frivolous appeal. See Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). We agree. The plaintiff may submit a petition for her appellate attorney's fees to this panel in the manner prescribed in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), within twenty calendar days of the date of the rescript. The defendant may respond within twenty calendar days from the date of said filing.
Order denying motion to vacate permanent abuse prevention order affirmed.

To the extent the defendant challenges the validity of the entry of the permanent order, his arguments are unavailing. "A defendant's motion to terminate an order is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order." MacDonald, supra at 388.