NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-614

LAUREN G. KLEIN

vs.

MICHELA DEVOTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Michela Devoti, appeals from a Superior Court judge's denial of her motion to vacate a judgment, pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), for fees owed to the plaintiff, Lauren Klein.  Notwithstanding that a different panel of this court previously determined that the Superior Court had jurisdiction to enter the judgment, see Klein v. Devoti, 101 Mass. App. Ct. 1106 (2022), Devoti again claims that it did not.  Her claim requires no further discussion as we previously held,

> "[t]o conclude that the action was pending in the Appeals Court for purposes of [G. L. c. 221,] § 50, giving the Appeals Court original jurisdiction over the determination and enforcement action, would lead to irrational results. . . . we believe that, for purposes of § 50, an action is no longer pending after the entry of judgment in the trial

court and '[e]nforcement of the lien is to be sought in the Superior Court' notwithstanding the filing of a notice of appeal. Thus, [Attorney] Klein's action to determine the amount of the attorney's lien was properly filed in the Superior Court. . . . Thus, nothing precluded the Superior Court from proceeding with a determination of the reasonable fees and expenses under that lien, establishing the amount of the lien that would subsequently attach to any proceeds derived from a judgment or order in Devoti's favor." (Citation omitted.)

Id.[1]

Klein seeks an award of attorney's fees, claiming that Devoti's appeal is frivolous. See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). "The determination whether an appeal is frivolous is left to the sound discretion of the appellate court." Avery v. Steele, 414 Mass. 450, 455 (1993). "An appeal is frivolous . . . where there can be no reasonable expectation of a reversal under well-settled law." Dacey v. Burgess, 491 Mass. 311, 319 (2023).

We agree that Devoti's appeal is frivolous as Devoti completely ignored our prior decision and therefore an award of fees and costs is appropriate.[2] Compare Allen v. Batchelder, 17

---

[1] An issue of subject matter jurisdiction is generally nonwaivable and can be raised at any time. See Conservation Comm'n of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 739 (2000). However, that principle only applies when the jurisdictional issue has not been previously addressed. Id. Here, notwithstanding Devoti's claim to the contrary, we fully addressed the jurisdictional issue in our prior decision.

[2] We note that Devoti's litigation tactics have been chronicled by multiple Superior Court judges. In this case, the judge did not require a response from Klein to Devoti's motion,

2

Mass. App. Ct. 453, 458 (1984) ("appeal [that] covers no ground not gone over by [previous] cases" was frivolous), with Abuzahra v. Cambridge, 486 Mass. 818, 829 (2021) (appeal "involv[ing] a novel question of law that this court previously did not have occasion to address" was not frivolous).

Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Klein may file a request for attorney's fees and costs, along with supporting documentation, within fourteen days of the issuance of the decision in this case. Devoti shall have fourteen days thereafter within which to respond. See id.

Order denying motion to vacate judgment affirmed.

By the Court (Blake, C.J., Meade & D'Angelo, JJ.[3]),

Clerk

Entered:  February 13, 2025.

---

which the judge described as "vexatious" and "abusive of the process."  And a gatekeeper order was entered requiring Devoti to seek leave of the court before filing any further motions.

[3] The panelists are listed in order of seniority.

3