NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-42

IN THE MATTER OF THE ESTATE OF STANLEY J. PALYS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On January 31, 2023, the appellant Linda A. Collier filed a petition in the Probate and Family Court for formal probate of a will and appointment of a personal representative in the estate of Stanley J. Palys.  On October 6, 2023, the personal representative of the estate of John S. Palys (objector) filed a "motion for construction of the will of Stanley J. Palys and/or for partial summary judgment."  On November 12, 2024, the judge issued findings and an order allowing the objector's motion, entering a decree allowing the will of Stanley Palys and determining heirs, and denying "[s]o much of the petition for formal probate that sought the appointment of a personal representative and an order for John Palys to forfeit his inheritance."  Collier appeals from the decree and order on the petition for formal adjudication.  We affirm.

Background.  We summarize the facts as found by the judge, which were uncontested, reserving certain points for later discussion.  The decedent, Stanley J. Palys, died on January 24, 2000.  The decedent was unmarried at the time of his death, and he was survived by his son, John S. Palys.[1]  John died on December 13, 2019; he was unmarried and left no children.  John's heirs at law, as adjudicated by a different judge on July 5, 2023, are his five first cousins, including Collier and Susan Dziczek.

On December 4, 2020, Collier and Dziczek were appointed personal representatives of John's estate.  John's will, which is dated February 8, 1995, was filed in the Probate and Family Court on April 30, 2021, along with paperwork requesting the resignation of Collier and Dziczek, and appointment of Attorney John Ferriter as successor personal representative.  The will was subsequently allowed as part of a decree and order of complete settlement.  John's will devised his entire estate to Stanley "and to his heirs and assigns forever."  In the event that Stanley predeceased John, the devisee of John's estate was Shriners Hospital in Springfield, Massachusetts.  Stanley's will

---

[1] Because Stanley J. Palys and John S. Palys share a last name, we refer to them hereafter by their first names to avoid confusion.

devised his estate to John "and to his heirs and assigns forever."

Discussion.  We review a judge's grant of summary judgment de novo to ask whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.  See Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

Collier contends on appeal that John should be disinherited from Stanley's will because he committed fraud, pursuant to G. L. c. 266, § 39, by failing to probate Stanley's will and wrongfully taking certain stock dividends, and because he breached his fiduciary duty.  As a remedy, Collier argues that the will should have been probated under the intestate process. We determine that Collier lacks standing to advance this argument.

As the judge properly concluded, even if Collier were successful in challenging John's inheritance under Stanley's will such that Stanley was considered intestate, Stanley's entire estate would still pass to John as his sole heir at law. Because Collier could not inherit from Stanley under any circumstances and therefore had no interest in the will affecting her rights or property, she lacks standing in this matter.  See Clymer v. Mayo, 393 Mass. 754, 763 (1985) (courts

not established to enable parties to litigate matters in which they have no interest affecting their liberty, rights, or property).  Accordingly, the judge did not err in granting summary judgment in favor of the objector on Collier's claim that John forfeit his inheritance.

Collier raises several other arguments in her brief.  As to Collier's other arguments, some are not properly before us because she did not raise them in the Probate and Family Court.  Those arguments are waived, and we do not consider them.  See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997) ("Objections, issues, or claims . . . that have not been raised at the trial level are deemed generally to have been waived on appeal").[2]

The objector argues that the appeal is frivolous and asks us to award attorney's fees and costs under Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), against Collier.  "An appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal.'"  Avery v. Steele, 414 Mass. 450, 455 (1993), quoting Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984).  We agree and allow the

---

[2] As to the rest of Collier's arguments, we have reviewed them all and determined that they do not merit further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

4

request for fees.  The objector may file an application for appellate attorney's fees and costs within fourteen days of the issuance of this decision, after which Collier shall have fourteen days to respond.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Decree and order on petition for formal adjudication affirmed.

By the Court (Henry, Sacks & Tan, JJ.[3]),

Clerk

Entered:  February 13, 2026.

---

[3] The panelists are listed in order of seniority.