NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1000

TRUSTEES OF THE 549-551 BOYLSTON STREET CONDOMINIUM TRUST

vs.

WALTER CHAMBERLAIN & another,[1] trustees.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, trustees of a condominium trust (trustees), challenge a Superior Court judge's grant of summary judgment in favor of the defendants, owners of a unit within that condominium association (unit owners).  The trustees claim the judge erred by ruling that G. L. c. 183A, § 6, did not authorize the trustees to assess common expenses in excess of the unit owners' eight percent beneficial interest in the trust.  We affirm the judgment, as well as the order denying the motion to

_____

[1] Yin Kau Ho.

[2] Of the Walter Chamberlain Revocable Trust.

alter or amend the judgment, and award appellate attorney's fees to the unit owners.

Background. The plaintiffs are the trustees of the 549-551 Boylston Street Condominium Trust, which manages and administers the 549-551 Boylston Street Condominium. The unit owners are the trustees of a separate trust that owns a unit within that condominium building. Per the condominium's master deed, the unit owners have an eight percent beneficial interest in the entire condominium property. The trustees have the remaining ninety-two percent beneficial interest. The declaration of trust governing the 549-551 Boylston Street Condominium Trust establishes that unit owners are "liable for common expenses . . . in proportion to their respective percentages of beneficial interest."

Both parties to this suit were involved in an earlier action, in which the unit owners claimed the trustees had breached their fiduciary duty, misused and misappropriated trust funds, and issued improper assessments, with the trustees counterclaiming for abuse of process and malicious prosecution. Judgment entered on the majority of the unit owners' claims, and the trustees' counterclaims were dismissed. In an unpublished memorandum and order, a panel of this court affirmed the

2

judgment and awarded appellate attorney's fees to the unit owners. Chamberlain v. Badaoui, 99 Mass. App. Ct. 1114 (2021).

The trustees then submitted a condominium assessment to the unit owners for $75,003.42 (assessment). This assessment represented the entire common expense incurred in defending against the unit owners' successful suit, less some amount of the damages awarded to the unit owners. In the subsequent Superior Court action giving rise to this appeal, a judge denied the trustees' request for a declaration that the unit owners owed the full amount assessed, granted summary judgment to the unit owners, and limited the unit owners' portion of the assessment to eight percent of the common expenses incurred.

Discussion. Summary judgment. "We review a decision on a motion for summary judgment de novo." Sutton v. Jordan's Furniture, Inc., 493 Mass. 728, 735 (2024), quoting Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021). With both parties having moved for summary judgment, "we view the evidence in the light most favorable to the [trustees]," as the party against whom summary judgment was entered. Sutton, supra. "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id., quoting Pesa, supra.

3

The trustees argue that G. L. c. 183A, § 6, authorized assessing the unit owners for common expenses in excess of the unit owners' eight percent beneficial interest. The common expenses at issue arose from past litigation, in which the trustees were found to have misappropriated trust funds and issued improper assessments against those same unit owners. We are not persuaded.

This case is principally resolved by reference to G. L. c. 183A, § 6.[3] That statute restricts the manner of assessment of common expenses to unit owners, dictating that "all common expenses shall be assessed against all units . . . in accordance with their respective percentages of undivided interest in the common areas and facilities." G. L. c. 183A, § 6 (a) (i). The statute does recognize an exception, wherein common expenses can be assessed exclusively to certain unit owners when those expenses were incurred "as a result of the unit owner's failure to abide by the requirements of [the statute] or the requirements of the master deed, trust, by-laws, restrictions, rules or regulations, or by the misconduct of any unit owner." G. L. c. 183A, § 6 (a) (ii). Such an assessment "shall

_____

[3] While the trustees devote a significant portion of their brief to addressing the unit owners' arguments at summary judgment concerning the master deed and declaration of trust, the trustees concede that G. L. c. 183A, § 6, "exclusively" controls.

4

constitute a lien against that unit from the time the assessment is due."  Id.

The trustees claim that this statute authorizes an assessment and lien to recover from the unit owners the entire common expense incurred in litigating the unit owners' prior suit.  We disagree.  We agree with the thorough and well-reasoned decision of the motion judge that the trustees were "unable to establish that the [u]nit [o]wners failed to abide by any requirement of chapter 183A, the Master Deed, or the Declaration of Trust."

On appeal, the trustees make no claim that the common expenses at issue arose from the unit owners' misconduct or failure to abide by the requirements referenced above, thus waiving any such argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Furthermore, as the motion judge noted, no such failure is apparent from the record.  There are thus no statutory grounds justifying a lien against the unit owners.  See G. L. c. 183A, § 6 (a) (ii).

We disagree with the trustees' assertion that the unit owners' acceptance of liability for eight percent of the common expenses has waived any argument concerning liability for the

remainder of the common expenses.[4]  The unit owners'

acknowledgment that the statute and master deed authorize

assessment for eight percent of common expenses neither

contradicts nor waives their arguments against being assessed

more than that amount.

Appellate attorney's fees.  We award appellate attorney's

fees and double costs to the unit owners.  It is within our

discretion to determine that an appeal is frivolous "[w]hen the

law is well settled, [and] when there can be no reasonable

expectation of a reversal."  Avery v. Steele, 414 Mass. 450, 455

(1993).

In a separate action, the trustees were found to have

misappropriated funds and ordered to return fees assessed to the

unit owners which were "unfair, unreasonable, and beyond the

lawful authority of the trustees," and which "involve[d] self-

dealing and breach of fiduciary duty."  The trustees concede

that the assessment at issue in this action is to recover from

those same unit owners the funds expended in defending their

prior misconduct.  They argue that the unit owners conceded the

validity of the assessment insofar as they accepted their eight

---

[4] Because the trustees premised their motion to alter or
amend the judgment, pursuant to Mass. R. Civ. P. 59 (e), 365
Mass. 824 (1974), on this same argument, we agree with the
judge's denial of that motion as well.

percent responsibility for any common expenses; that this concession precluded the unit owners from challenging the fact that they were assessed one hundred percent of the common expenses at issue here; and that the motion judge erroneously based her decision on G. L. c. 183A, § 6 (a) (ii), the very statute which the trustees allege permits the assessment they made.

Pursuant to our discretion under G. L. c. 211A, § 15, and Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), we conclude this appeal is frivolous and award appellate attorney's fees and double costs. See Fronk v. Fowler, 456 Mass. 317, 326-327 (2010). The unit owners may submit a petition for appellate attorney's fees and double costs, together with supporting documentation, within fourteen days of the date of issuance of this decision, and the trustees will have fourteen days

thereafter to respond.  See <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).

<u>Judgment affirmed</u>.

<u>Order denying motion to alter or amend judgment affirmed</u>.

By the Court (Hershfang, Hodgens & Smyth, JJ.[5]),

Clerk

Entered:  April 6, 2026.

---

[5] The panelists are listed in order of seniority.