NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1303

SUSAN BARRON

vs.

JAMES P. BARRON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The underlying divorce action was resolved in June 2007 through a judgment for divorce nisi incorporating the parties' separation agreement.  In the years since, the defendant has filed multiple motions seeking relief from the divorce judgment.  Although the defendant's brief does not differentiate between the various motions,[1] the only notice of appeal he filed is from the Probate and Family Court judge's order denying the

_____

    [1] The defendant's brief also contains twenty-five pages of facts that are almost entirely unsupported by citations to the record appendix, and the record appendix itself is noncompliant with the rules in several respects.  See Mass. R. A. P. 16 (e), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  Although we could affirm on these grounds alone, we will nonetheless address the merits of the appeal.

defendant's April 9, 2024 motion entitled, "Verified Motion for Accommodation -- Leave to File Motion for Reconsideration Late and Use of May 1, 2024 Hearing" (April 2024 motion).  Whether the judge erred in denying the April 2024 motion is thus the sole issue before us.

As is evident from the hearing transcript, the judge treated the April 2024 motion as a motion to reconsider the same judge's January 2024 order denying the defendant's motion for relief from the divorce judgment "due to fraud upon the court and breaches of court discretion" (motion for relief from judgment).  In the January 2024 order, the judge denied the motion for relief from judgment on the ground that it "reference[d] a matter adjudicated by agreement 16 years ago."  At the hearing on the April 2024 motion, the judge stated that she had "already heard this and decided it back in January" and asked the defendant if he had "additional information that [he] wanted to present."  The defendant replied, "The additional information is that it should be -- whether or not I was incapacitated should be inapposite since the fraudulent actions by Plaintiff just illegitimized the judgment . . . from the get-go."  The judge then stated again that she had decided the issue in January and denied reconsideration.

A motion for reconsideration must specify "(1) changed circumstances such as (a) newly discovered evidence or information, or (b) a development of relevant law; or (2) a particular and demonstrable error in the original ruling or decision" (quotation omitted).  Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).  The defendant's brief does not cite this standard, let alone explain how the judge abused her discretion in applying it.  See id. ("a motion for reconsideration calls upon the discretion of the motion judge").  Instead, the defendant devotes his brief to arguing the merits of his motion for relief from judgment; those issues are not properly before us, however, because the current appeal is from the judge's order denying reconsideration, and not from the January 2024 order.  Because the defendant failed to specify changed circumstances or a particular and demonstrable error in the January 2024 order, the judge did not abuse her discretion in denying reconsideration.  See id., quoting Peterson v. Hopson, 306 Mass. 597, 600 (1940) ("After the denial of one motion, a second motion based on the same grounds need not be entertained").

The plaintiff has requested an award of her appellate attorney's fees and costs on the ground that the appeal is

3

frivolous and part of a pattern of vexatious litigation.  We agree that the appeal is frivolous.  Accordingly, within fourteen days of the date of this decision, the plaintiff may file an application for attorney's fees and costs.  The defendant may have fourteen days to respond.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).[2]

> Order dated May 1, 2024, denying verified motion for accommodation affirmed.
>
> By the Court (Shin, Grant & Hershfang, JJ.[3]),

*Paul Little*

Clerk

Entered: October 3, 2025.

---

[2] The plaintiff has also requested that we order the Probate and Family Court to issue a "gatekeeper order" against the defendant "concerning litigation related to the provisions of the Separation Agreement."  Even assuming we have the authority to do so (which is doubtful), we decline to exercise that authority.  The Probate and Family Court has the discretion to enter a gatekeeper order in any future proceeding if deemed appropriate.

[3] The panelists are listed in order of seniority.

4